(No. 48462.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BERNICE WALLER, Appellee.

*Opinion filed September 20, 1977.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart and John Thomas Moran, Assistant Public Defenders, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, the defendant, Bernice Waller, was convicted of one count of voluntary manslaughter. The appellate court reversed, one judge dissenting (36 Ill. App. 3d 888), and we granted the State's petition for leave to appeal.

The appellate court held that the trial court had erred in admitting the rebuttal testimony of a witness who (1) had remained in the courtroom in violation of an order excluding witnesses, and (2) whose testimony was not confined to rebuttal of Mrs. Waller's testimony. We reverse, because we find that the defense failed to preserve its objection to the witness' alleged violation of the exclusionary order, and because the witness' testimony was admissible in rebuttal of the defendant's testimony.

On March 10, 1972, Ronald Waller suffered a fatal wound from a knife wielded by his wife, the defendant. There were no witnesses to the occurrence. Mrs. Waller was charged with murder.

At trial, before the first witness was sworn, the court asked whether there would be a motion for the exclusion of witnesses. Both the assistant State's Attorney and

defense counsel responded that their witnesses already had been excluded. The State then called Officer Thelen, one of the first police officers to arrive on the scene. Officer Thelen testified that he had found the deceased near the front of the apartment, on his back with a stab wound in his stomach, and that Mrs. Waller had volunteered that "she had stabbed her husband and it was an accident." The State also called Investigator Savage, who had arrived on the scene somewhat later. He testified that Mrs. Waller told him that, during the course of an argument with the deceased, she had gone into the kitchen to secure a knife, and that, upon her return to their bedroom, the deceased had "advanced towards her and accidentally pushed himself into the knife."

At the close of the State's evidence the defense requested and the court denied a directed verdict of not guilty.

The defense called Mrs. Waller's grandmother, who testified to previous assaults upon Mrs. Waller by the deceased. Mrs. Waller also testified to the previous assaults, and gave her version of the fatal quarrel:

> "He ran me into the kitchen and I got the knife off the sink and I came back not intentionally to get the knife and use it on him, but so I could get a chance to call my mother. He went berserk and ran up on the knife."

Mrs. Waller's own attorney then asked her, "Had you said anything to him regarding the use of the knife or any words to that effect?", to which she responded, "No."

On cross-examination, Mrs. Waller denied having received a box of candy on Valentine's Day 1972. In addition, the following exchange took place:

> "Q. Did you have any conversations with your husband from Valentine's Day, 1972, until the time that he was killed; did you have any conversations with him in relation to any other men that he might have thought you were seeing?
> A. No."

On rebuttal, the State sought to introduce the testimony of Roxy Brewer, sister of the deceased, who had been present during the testimony of the previous witnesses. Defense counsel's objection led to the following colloquy:

"THE COURT: There was a motion to exclude all witnesses, is that correct?

ASSISTANT STATE'S ATTORNEY: *** [C]ounsel never made a motion to exclude.

THE COURT: The court on its own made a motion to exclude.

DEFENSE COUNSEL: I then stated I'm taking my witness out of court room and this lady sat throughout.

ASSISTANT STATE'S ATTORNEY: That's correct.

THE COURT: And as far as the Court is concerned I rule there is a motion to exclude."

The court permitted Mrs. Brewer to testify, but took the admissibility of her testimony under advisement, stating, "In [any] event, the Court upon submission of law to that point, will then rule as to whether this testimony will be admissible or not."

Roxy Brewer contradicted her sister-in-law's denial of having received a box of candy on Valentine's Day. In addition, Mrs. Brewer testified that in late February 1972, while in an apartment on the floor below the Waller apartment, she overheard Mrs. Waller threaten the deceased, "If you call me a bitch again I'll stab you with this knife." Mrs. Brewer further testified that upon hearing this threat, she ran upstairs and removed a knife from the defendant's hand. On surrebuttal, Mrs. Waller denied that the above event occurred.

Finally, at the close of trial the court stated: "I had questions with reference ***[to] the rebuttal witness and the issue of exclusion. This will be submitted to the Court, and I will therefore rule on this matter next Friday, a week from today at 9:30 in the morning." The record of the subsequent hearing reflects neither the submission of any

authority on the issue by defendant, nor any express ruling on the issue by the court prior to finding the defendant guilty of voluntary manslaughter. In explaining its verdict, the court simply stated: "This Court cannot accept a claim that the husband was impaled upon the knife as a result of his own thrust or endeavor."

It is well established in Illinois that when a court reserves its ruling on the admissibility of evidence, the objecting party must insist upon a subsequent ruling, or else risk waiving its objection to that evidence. (*People v. Kostos* (1961), 21 Ill. 2d 496, 499.) While the reviewing court still may, in the interests of justice, take note of objections thus waived, it should do so only in cases involving plain error, or defects affecting substantial rights. (58 Ill. 2d R. 615(a).) We find no such defects in the instant case. Rather, we consider this case to be analogous to *People v. Miller* (1964), 30 Ill. 2d 110, wherein a police officer who had remained in the courtroom in violation of an order excluding witnesses was permitted to testify. This court held:

> "It was within the discretion of the trial judge to permit the testimony of the police officer in rebuttal even though witnesses had been excluded. [Citations.] The failure of defendant to object to such testimony clearly precludes him from alleging an abuse of discretion before this court. [Citation.] " (30 Ill. 2d 110, 114.)

Similarly, in the instant case, the failure to insist upon a ruling on the objection waived the issue, where the court stated that it reserved its ruling, unsuccessfully requested a "submission of law" on the subject from counsel, and then, sitting as trier of fact, rendered a verdict without ruling on the admissibility of the testimony. We reject defendant's argument that the court's statement that it found the defendant's testimony incredible necessarily implied that the court was, in effect, ruling on the

admissibility of testimony tending to impeach that of the defendant. Accordingly, we find that the defense failed to preserve its objection to rebuttal testimony by Mrs. Brewer.

Mrs. Waller also argues that because Mrs. Brewer's testimony would have been admissible as part of the State's case in chief, that testimony should not have been admitted on rebuttal. However, the order of proof in a criminal case is subject to the broad discretion of the trial court. The court may admit rebuttal evidence which would tend to "explain, repel, contradict or disprove the evidence of the defendant," even if such evidence also would have been admissible as part of the State's case in chief before the State closed. (*People v. Daugherty* (1969), 43 Ill. 2d 251, 255.) In other words, "[a]lthough testimony that would be proper as evidence in chief should not be reserved for rebuttal, these matters rest largely within the discretion of the trial court and such rulings will ordinarily not be set aside upon review." (*People v. Lion* (1957), 10 Ill. 2d 208, 217.) Evidence regarding the circumstances of prior quarrels between Mrs. Waller and the decedent is particularly appropriate on rebuttal to refute or explain the defendant's version of her relationship with the decedent, or where the defendant claims that the death of the decedent was an "accident." See *People v. Benedik* (1974), 56 Ill. 2d 306.

In the instant case, Mrs. Waller's testimony that her husband "ran up on the knife," that she had not, in the course of the fatal quarrel, "said anything to him regarding the use of the knife or any words to that effect," and that she returned to the bedroom with the knife "not intentionally to get the knife and use it on him," entitled the trial court to permit rebuttal testimony as to the circumstances of the prior domestic quarrel. (See *People v. Benedik; People v. Lion.*) We therefore hold that Roxy Brewer's testimony was admissible in rebuttal of the

defendant's testimony.

The judgment of the appellate court is reversed and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*