*In re* T. D. W., a Minor.—(The People of the State of Illinois, Petitioner-Appellee, *v.* T. D. W., Respondent-Appellant.)

Fourth District   No. 4—82—0116

Opinion filed October 14, 1982.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

This appeal presents a narrow question, but one which has not yet been answered in this State: whether a trial court, after having ordered a fitness hearing for a juvenile, may afterwards proceed to an adjudicatory hearing without ruling on the juvenile's fitness to stand trial. We hold that it cannot and reverse.

The sequence of events in the circuit court of Macon County, briefly stated in chronological order, is as follows:

October 20, 1981:   delinquency (burglary) petition filed.

November 18, 1981:   initial appearance and request for counsel.

November 30, 1981:   supplemental petition (additional act of burglary on November 27) filed. Minor in custody since November 27.

December 1, 1981: detention hearing. Minor ordered detained. Motion by the State allowed for a psychological evaluation.

December 15, 1981: report of psychologist (Courtois) admitted into evidence. Motion by minor for further psychiatric examination. Objection by the State. Motion taken under advisement.

December 18, 1981: hearing reconvened. Further argument by minor's counsel for psychiatric examination. Objection by the State to psychiatric examination on ground that psychological examination established fitness for trial. Court denied motion for fitness hearing to proceed instanter on psychological report alone. Further motion by minor's counsel for psychiatric examination. Objection by the State. Objection overruled and psychiatrist (Sunderland) appointed to examine and report by December 29. Cause allotted for contested fitness hearing on December 29.

December 29, 1981: fitness hearing continued to January 13, 1982.

January 13, 1982: psychiatric evaluation report (Sunderland) received into evidence and cause continued.

January 20, 1982: report of violation of home detention ordered on December 18, 1981. Minor placed in custody of probation office.

January 22, 1982: minor ordered detained in juvenile detention center.

January 27, 1982: minor ordered on recommendation of chief juvenile probation officer to receive services of Macon County Mental Health Center. Motion by minor for further psychological evaluation. Motion allowed and psychologist (Campion) appointed.

February 2, 1982: psychological examination (Campion) performed.

February 24, 1982: adjudicatory hearing. Minor found delinquent and ordered to be ward of the

court. Dispositional hearing instanter. Minor committed to Department of Corrections.

The record thus clearly demonstrates that although the court itself, on December 18, 1981, had ordered a hearing on fitness to stand trial and had in the course of events appointed three professionals, one psychiatrist and two psychologists, to examine the minor, no fitness hearing was ever held.

At the dispositional hearing the court considered a report prepared by the Macon County Probation Office which indicated that in 1979 the minor had been the subject of a delinquency proceeding but had then been found unfit to stand trial and the cause was ultimately dismissed. The court also considered the Campion report, but it contained no reference to the minor's competency to stand trial. Both the Courtois report and the Sunderland report found the minor fit, but there is no indication in the record, other than their respective admissions into evidence, that they were ever considered in detail and obviously no finding of fitness based upon them was ever made. At the adjudicatory-dispositional hearing on February 24, 1982, neither the State, the minor, nor the trial judge made any comment on the issue of the minor's competency to stand trial.

On appeal the positions of the parties is simple. The minor maintains that he was entitled to a fitness hearing before adjudication and disposition. The State maintains (1) that the minor has waived the issue by failing to demand a fitness hearing, and (2) in any event, the reports demonstrated that he was fit.

The Juvenile Court Act itself (Ill. Rev. Stat. 1979, ch. 37, par. 701—1 *et seq.*) makes no provision for a hearing on competency to stand trial. Such provisions are found in the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1979, ch. 38, par. 104—10 *et seq.*) There has been no wholesale incorporation of the Code of Criminal Procedure into the Juvenile Court Act. However, the latter provides in section 1—2(3)(a) (Ill. Rev. Stat. 1979, ch. 37, par. 701—2(3)(a)) that the procedural rights of a minor shall be those of an adult unless specifically precluded by laws which enhance the protection of minors.

In *Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836, the Supreme Court in analyzing Illinois law regarding fitness to stand trial held that the failure to observe procedures designed to protect a defendant's right not to be tried or convicted while incompetent to stand trial was a serious deprivation of due process. It follows that the right is of constitutional dimension and thus is weightier than a "procedural" right referred to in the Juvenile Court Act. We believe

that the fitness provisions of the Code of Criminal Procedure apply in juvenile proceedings.

The familiar rule is that when a *bona fide* doubt as to a defendant's fitness exists, arising from whatever source, that issue must be settled before proceeding further. We are not faced with the question of the trial judge's discretion in determining the existence of a *bona fide* doubt. In the instant case the trial court ordered a fitness hearing and *ipso facto* determined the existence of such a doubt. It is therefore apparent that the minor was constitutionally entitled to a hearing on the matter.

■ The State first argues waiver, particularly the failure of the minor's counsel to demand a fitness hearing. In this connection it cites a line of cases which hold that an evidentiary ruling which was taken under advisement was waived unless an objection was renewed. (*People v. Greenlee* (1976), 44 Ill. App. 3d 536, 358 N.E.2d 649; *People v. El* (1980), 83 Ill. App. 3d 31, 403 N.E.2d 547; *People v. Waller* (1977), 67 Ill. 2d 381, 367 N.E.2d 1283.) We do not find such cases analogous. While a ruling on an evidentiary matter may be significant, or even controlling, in the outcome of a case, it is not of the same legal dignity as a constitutional right. Moreover, we fail to understand how, when a *bona fide* doubt as to the minor's competency has been raised, such a minor could competently and intelligently waive a constitutional right. In any event, the trial court has the obligation and duty to hold a fitness hearing. *People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677.

■ The State's second argument is that since the reports of Courtois and Sunderland stated that the minor was able to cooperate with his counsel and knew the nature of the proceedings, he was not prejudiced by the failure of the trial court to hold a hearing. The argument has some superficial appeal, but it cannot be used to dispense with a hearing. (*Pate.*) The opinions of the experts are just that: opinions. The ultimate decision is that of the trial judge, not of the experts. (*People v. Bilyew* (1978), 73 Ill. 2d 294, 383 N.E.2d 212.) Furthermore, as noted by the court in *Bilyew*, the experts' opinions are only as valid as the bases or reasons for them. The minor in the instant case has had no opportunity to cross-examine or to have the experts explain their reasons or bases for their conclusions. The trial judge is then to analyze and evaluate the factual basis for the experts' opinions rather than to rely on the ultimate opinions themselves. (*Bilyew.*) It is also clear that a trial judge is not obliged as a matter of law to accept opinions of the psychiatrist. *People v. Williams* (1980), 87 Ill. App. 3d 860, 409 N.E.2d 439.

The orders of adjudication and disposition entered by the circuit court of Macon County are reversed and the cause is remanded with directions to hold a fitness hearing and make an appropriate determination thereon; following such determination the court is then further directed to hold new adjudicatory and dispositional hearings based upon the fitness determination.

Reversed and remanded with directions.

MILLS and TRAPP, JJ., concur.