Nos. 2--00--0043
 & 2--00--0351
 cons. 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit 

ILLINOIS, ) Court of Du Page County.

)

Plaintiff-Appellee, )

)

v. ) No. 99--CF--1250

)

MICHAEL P. CONTORNO, ) Honorable

) Ronald B. Mehling,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit 

ILLINOIS, ) Court of Du Page County.

)

Plaintiff-Appellee, )

)

v. ) No. 97--CF--1953

)

MICHAEL P. CONTORNO, ) Honorable 

) Robert J. Anderson,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

 

JUSTICE GROMETER delivered the opinion of the court:

Defendant, Michael P. Contorno, was convicted of one count of unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 1998)) following a jury trial in the circuit court of Du Page County (No. 99--CF--1250).
  Subsequently, the State filed a petition to revoke defendant's probation arising from a separate matter based upon this conviction (No. 97--CF--1953).  The trial court granted this petition.  Defendant now appeals both actions.  Regarding his controlled-substance conviction, defendant contends that the trial court did not conduct a proper fitness hearing (see 725 ILCS 5/104--16 (West 1998)) and that several evidentiary errors, discussed in an unpublished portion of this opinion, deprived him of a fair trial.  He further asserts that the revocation of his probation cannot stand, as it is based solely upon his controlled-substance conviction.  For the following reasons, we reverse and remand.

Prior to defendant's trial for unlawful delivery of a controlled substance 
(720 ILCS 570/401(d) (West 1998))
, defense counsel, John Elias, represented to the court that defendant's probation officer believed defendant might not be fit to stand trial.  Defense counsel moved for a fitness examination, and the court found that a 
bona fide
 doubt existed regarding defendant's fitness.  The trial court appointed Dr. Syed Ali, a psychiatrist, to conduct an examination of defendant.  Dr. Ali prepared a three-page report, which stated defendant could assist in his defense, understood the nature of a trial and the roles of the participants in a trial, could manage his behavior during a trial, and had the capacity to testify relevantly.

At a subsequent hearing, the following colloquy ensued:

"MR. KENT: Good afternoon Judge.  Scott Kent on behalf of the People.

I received a report from Mr. Elias from Dr. Ali.

MR. ELIAS: As to the fitness issue, Dr. Ali's report is he finds him fit to stand trial.  We would stipulate to the report.

MR. KENT: As would the People, Judge.

THE COURT: All right.  We'll show pursuant to stipulation then he finds the defendant fit to stand trial."

There was no further discussion on this issue.  The court also entered a written order stating that "pursuant to the People and Defense stipulation to the finding of Dr. Ali, Defendant is fit to stand trial."

Defendant now complains that the trial court merely accepted the stipulation of the parties to the findings of Dr. Ali rather than conducting a meaningful fitness hearing.  Normally, a trial court's decision that a defendant is fit to stand trial will not be reversed absent an abuse of discretion.  
People v. Newell
, 196 Ill. App. 3d 373, 377 (1990).  However, because this issue is one of constitutional dimension, the record must show an affirmative exercise of judicial discretion regarding the determination of fitness.  
People v. Baldwin
, 185 Ill. App. 3d 1079, 1088 (1989); 
People v. Turner
, 111 Ill. App. 3d 358, 365 (1982); 
People v. Greene
, 102 Ill. App. 3d 639, 642 (1981).  When a 
bona fide
 doubt as to a defendant's fitness exists, the trial court has a duty to hold a fitness hearing.  
People v. Griffin
, 178 Ill. 2d 65, 79 (1997).  Once a 
bona fide
 doubt has been raised, a court is empowered to conduct its own inquiry into the defendant's fitness.  725 ILCS 5/104--11(c) (West 1998).  A trial court's determination of fitness may not be based solely upon a stipulation to the existence of psychiatric conclusions or findings.  
People v. Thompson
, 158 Ill. App. 3d 860, 865 (1987); 
People v. Lewis
, 103 Ill. 2d 111, 115-16 (1984).  However, where the parties stipulate to what an expert would testify, rather than to the expert's conclusion, a trial court may consider this stipulated testimony in exercising its discretion.  
Lewis
, 103 Ill. 2d at 116.  The ultimate decision as to a defendant's fitness must be made by the trial court, not the experts.  
People v. Bilyew
, 73 Ill. 2d 294, 302 (1978).  A trial court must analyze and evaluate the basis for an expert's opinion instead of merely relying upon the expert's ultimate opinion.  
In re T.D.W.
, 109 Ill. App. 3d 852, 855 (1982).   In the present case, the parties stated that they stipulated to Dr. Ali's report.  This stipulation is ambiguous in that it is unclear as to whether they were stipulating that Dr. Ali, if called, would testify in conformance with his report or stipulating to the report's ultimate conclusion.  The trial court then stated that "pursuant to stipulation then he finds the defendant fit to stand trial."  "He" presumably refers to Dr. Ali.  Again, this statement is ambiguous.  It could be either an acknowledgment that Dr. Ali would testify that defendant was fit or an abdication by the trial court of its role in the fitness hearing in deference to Dr. Ali's opinion.  Finally, the trial court's written order states only that, pursuant to the stipulation to the finding of Dr. Ali, defendant is fit.  Thus, while this experienced trial judge may have made an independent determination of fitness, from the record before us it appears only that the trial court merely accepted Dr. Ali's conclusion.  No indication appears in the record that the court conducted any analysis of the doctor's opinion or exercised its discretion in finding defendant fit.  Accordingly, we must conclude that defendant's fitness hearing was deficient.  See 
Thompson
, 158 Ill. App. 3d at 864-65.

Further, we cannot consider this error harmless.  As noted above, fitness to stand trial is an issue of constitutional dimension.  
Turner
, 111 Ill. App. 3d at 365.  Such an error may be deemed harmless only if, after reviewing the entire record, it is determined that the error was harmless beyond a reasonable doubt.  
People v. Arman
, 131 Ill. 2d 115, 127 (1989).  In the present case, we are unable to come to such a conclusion.  The extent of the evidence available to the trial court during the fitness hearing was one three-page report of an examining psychologist.  Defendant points to several reports, included in his presentence investigation, which undermine the report relied on by the trial court.  Accordingly, we cannot say that any error related to defendant's fitness hearing was harmless beyond a reasonable doubt.

Before leaving the fitness issue, we note that the State argues that defendant has waived it by failing to include it in his posttrial motion.  See 
People v. Enoch
, 122 Ill. 2d 176, 186 (1988).  
While such issues are generally deemed waived, an issue may be reviewed as plain error where it concerns a substantial right.  
People v. Basler
, 193 Ill. 2d 545, 549 (2000).  The determination of a defendant's fitness to stand trial concerns a substantial right, and plain-error review is appropriate.  
People v. Lucas
, 140 Ill. App. 3d 1, 6 (1986).

[The following material is nonpublishable under Supreme Court Rule 23].

In light of our resolution of the fitness issue, this case must be remanded for a proper fitness hearing and, if appropriate, a new trial.  Defendant also complains of several evidentiary rulings.  Because these issues are likely to recur should this case be retried, we will address them here.  See 
People v. Lindgren
, 79 Ill. 2d 129, 143 (1980).

First, defendant contends that the trial court erred by permitting the State to introduce evidence of other uncharged deliveries of cocaine that allegedly transpired between defendant and an undercover police officer.  The delivery forming the basis of defendant's conviction was alleged to have taken place on March 24, 1999, during the course of an undercover operation conducted by the police, which spanned at least several months.  Defendant was not arrested immediately to prevent the disclosure of the identity of the officer making the purchase.  At trial, the undercover officer testified that he had previously bought cocaine from defendant on five occasions.  Identity was at issue in this case because defendant contended that he was not the man who sold cocaine to the officer.  Thus, the trial court ruled that the prior transactions were admissible to establish that the officer was familiar with defendant.  The court gave a limiting instruction stating that the jury could only consider the earlier transactions for the purpose of the identification of defendant.

During closing argument, the prosecutor characterized defendant as a drug dealer.  The prosecutor also stated that defendant had sold drugs to the undercover officer on five occasions prior to March 24, 1999.  Later, he emphasized that defendant had sold drugs on more than one occasion, and that defendant was charged with the last bad thing he did.  In his rebuttal argument, the prosecutor stated that defendant was putting drugs onto the street of an apartment complex where families and children live, and that defendant was selling drugs on a consistent basis.  At this point, the court sustained a defense objection to the argument.

Generally, "[e]vidence of crimes for which a defendant is not on trial is inadmissible if relevant merely to establish his propensity to commit crime."  
People v. Thingvold
, 145 Ill. 2d 441, 452 (1991).  There is a danger that evidence of other crimes will persuade the jury to convict the defendant simply because it feels that the defendant is a bad person who deserves punishment.  
Lindgren
, 79 Ill. 2d at 137.  Where evidence of another crime is available for another purpose, such as establishing identity, it may be admitted so long as its probative value is not substantially outweighed by its prejudicial effect.  
People v Richardson
, 123 Ill. 2d 322, 339 (1988).  The admissibility of such evidence is a matter within the sound discretion of the trial court.  
People v. Illgen
, 145 Ill. 2d 353, 364 (1991).  However, because the risk of prejudice is high, if such evidence is erroneously admitted, reversal is required unless “the record affirmatively shows that the error was not prejudicial.”  
Lindgren
, 79 Ill. 2d at 140-41.

Where such evidence is relevant for a proper purpose, it should be carefully limited to testimony relevant to this purpose.  
People v. Thigpen
, 306 Ill. App. 3d 29, 37 (1999); 
People v. Butler
, 31 Ill. App. 3d 78, 80 (1975) (“When evidence of other offenses is admissible on the question of identity it should be confined to such details as show the opportunity for identification and not the details of the crime”).  In 
Lindgren
, our supreme court considered whether evidence that the defendant had committed arson was admissible in his murder prosecution.  The State argued that, because the arson occurred approximately six blocks from the scene of the murder and near the time the murder was committed, it was relevant to establishing the defendant's presence near the crime scene.  The supreme court rejected this argument, noting that the witness testifying to the arson had already testified that the defendant was present at the scene of the murder, and that mentioning the arson added nothing to the prosecution's case.  
Lindgren
, 79 Ill. 2d at 139.  

In the present case, we face a similar situation.  The undercover officer's familiarity with defendant was clearly relevant to the officer's identification of him.  As such, prior interactions and opportunities to observe defendant were properly admitted.  We conclude that the trial court did not abuse its discretion in allowing the State to present evidence of the five earlier meetings.  We believe that the better practice would have been to limit the officer's testimony to elements of these prior encounters relevant to his ability to identify defendant.

We also express our disapproval of the State's closing argument.  That the State used its argument to reinforce the notion that defendant had sold cocaine on five occasions compounded the effect of the admission of this evidence.  Further, the State's remark that defendant was selling cocaine at an apartment complex where families and children live had no apparent purpose except to inflame the jury.  See 
People v. Carter
, 297 Ill. App. 3d 1028, 1034-35 (1998).  As the First District has noted, the danger of drug traffic in the vicinity of children “is emotionally charged, [and] care must be taken to abide by principles of relevance, lest improper considerations direct the conduct of the jury.”  
Carter
, 297 Ill. App. 3d at 1035.

Defendant also argues that the trial court improperly allowed his “mug shot” into evidence.  It has been held that such evidence should not be admitted where it tends to inform the jury of a defendant's commission of other criminal acts.  
People v. Arman
, 131 Ill. 2d 115, 123 (1989).  Initially, the court ruled that this picture was inadmissible.  However, during the trial, the court ruled that defendant “opened the door” to the admission of this picture by questioning the undercover officer regarding his ability to ascertain who defendant was.  
See 
People v. Lewis
, 52 Ill. App. 3d 477, 485 (1977) (“If one party opens up an issue and the other party will be prejudiced unless he can introduce contradictory or explanatory evidence, then the prejudiced party will be permitted to introduce such evidence, even though it might otherwise be improper”).  We find no abuse of discretion here.  Once defendant attacked the officer's ability to put a name to defendant, the manner in which he was able to do so became relevant.

Additionally, defendant attacks the trial court's decision to allow the State to use an earlier conviction for unlawful restraint to impeach his credibility.  Unlawful restraint is a Class 4 felony (720 ILCS 5/10--3 (West 1996)).  The court also allowed defendant to be impeached with an earlier robbery conviction.  Robbery is a class two felony and a crime of dishonesty.  
People v. Thomas
, 220 Ill. App. 3d 110, 118 (1991).  Defendant contends that because the State was allowed to introduce his robbery conviction, there was no reason to impeach him with his conviction for unlawful restraint.  Defendant argues that the unlawful restraint conviction, as it is not a crime of dishonesty, is far less probative of his credibility.

Evidence of a prior conviction may be admitted for impeachment purposes if (1) the conviction was for a crime punishable by death or more than one year's imprisonment or the crime involved dishonesty or false statement; (2) less than 10 years have elapsed since either the conviction or the witness's release from confinement; and (3) the probative value of the conviction outweighs the danger of unfair prejudice.  
People v. Atkinson
, 186 Ill. 2d 450, 456 (1999).  The final factor requires the court to perform a balancing test, taking into consideration such factors as the nature of the prior offense, the extent of the witness's criminal record, the age and circumstances of the witness, and “the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction.”  
People v. Cox
, No. 88860, slip op. at 4 (Ill. April 19, 2001), quoting 
People v Montgomery
, 47 Ill. 2d 510, 518 (1971).  Prior convictions, depending on the nature of the offense, may have different types of probative value relative to a witness's credibility.  Crimes of dishonesty and those involving false statement have an obvious bearing on a defendant's credibility.  
See 
People v. Spates
, 77 Ill. 2d 193, 204 (1979).  The impeachment value of other felonies “rests upon the premise that 'a person with a criminal record has a bad general character, evidenced by his willingness to disobey the law, and that his bad general character would lead him to disregard his oath to testify truthfully.' “  
Atkinson
, 186 Ill. 2d at 465 (Rathje, J., dissenting), quoting M. Graham, Cleary & Graham's Handbook of Illinois Evidence §609.1, at 452 (7th ed. 1999).

The trial court did not abuse its discretion in admitting defendant's unlawful restraint conviction.  In deciding that this conviction was admissible, the trial court explicitly stated that it was balancing the probative value of the conviction against its prejudicial effect.  The court also alluded specifically to the nature of the offense.  Thus, it is clear that the trial court conducted the proper inquiry.  See 
People v. Williams
, 173 Ill. 2d 48, 83 (1996).  The trial court could have reasonably concluded that this conviction gave the jury a better perspective of defendant's character, while not prejudicing him to any great extent due to the dissimilarity between unlawful restraint and the charged offense.  We perceive no reason to substitute our judgment for that of the trial court on this matter.

Defendant's reliance on 
People v. McGee
, 286 Ill. App. 3d 786 (1997), is misplaced.  In 
McGee
, the trial record affirmatively indicated that the trial court did not conduct a meaningful inquiry into whether the probative value of several previous convictions outweighed their prejudicial effect.  
McGee
 286 Ill. App. 3d at 793.  In the present case, nothing in the record indicates a deviation from the established standard regarding the admissibility of prior convictions.  See 
Williams
, 173 Ill. 2d at 83.  Rather, it shows that the court conducted the proper inquiry.  As such, 
McGee
 is distinguishable. 

[The preceding material is nonpublishable under Supreme Court Rule 23.]

In light of the foregoing, we reverse the judgment of the circuit court of Du Page County in appeal No. 2--00--0043 and remand the cause for a new fitness hearing and, if appropriate, a new trial.  In light of this disposition, the revocation of defendant's probation in appeal No. 2--00--0351 cannot stand.  See 
People v. Lopez
, 72 Ill. App. 3d 713, 717 (1979).  That judgment of the circuit court of Du Page County also must be reversed and the cause remanded.

No. 2--00--0043, Reversed and remanded with directions.

No. 2--00--0351, Reversed and remanded.

McLAREN and RAPP, JJ., concur.