(No. 83962.—)

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT KOPPA, Appellee.

*Opinion filed October 22, 1998.—Rehearing denied November 30, 1998.*

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb, Kenneth T. McCurry and Kathryn A. Schierl, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Pamela Leeming, Assistant Public Defender, of counsel), for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Robert Koppa, was charged by indictment in the circuit court of Cook County with four counts of aggravated criminal sexual abuse (720 ILCS 5/12—16(a)(1), (a)(2) (West 1996)), two counts of aggravated kidnapping (720 ILCS 5/10—2(a)(4), (a)(5) (West 1996)), and two counts of armed violence (720 ILCS 5/33A—2 (West 1996)). The indictment alleges that on July 13, 1996, defendant, while displaying a knife with at least a three-inch blade, kidnapped and committed acts of sexual misconduct upon the victim.

On April 4, 1997, defendant filed pretrial motions to dismiss the armed violence counts. The circuit court granted defendant's motions and dismissed the two counts of armed violence. The circuit court found that the armed violence counts violated the proportionate penalties clause of the Illinois Constitution of 1970 because those counts required proof of the same elements as the other charged offenses, yet provided for a greater penalty. The court also found that the armed violence counts improperly constituted double enhancement because the factor of a weapon was used twice. The State filed a notice of appeal from the circuit court's order in the appellate court. The appellate court subsequently granted the State's motion to transfer the appeal to this

court. The State's appeal from the circuit court's order is therefore before this court. 134 Ill. 2d R. 603. For the reasons that follow, we reverse the order of the circuit court.

The issues in this case are whether the armed violence charges against defendant violate the proportionate penalties clause of the Illinois Constitution of 1970 and whether they constitute impermissible double enhancement.

The State argues that the circuit court erroneously dismissed the two armed violence counts, which are herein referred to as counts VII and VIII. The State contends that the armed violence statute, as applied in the instant case, does not violate the proportionate penalties clause and that the armed violence charges are not the product of double enhancement.

Count VII states that defendant committed the offense of armed violence in that "he, while armed with a dangerous weapon, to wit: a knife with a blade of at least three inches in length, committed a felony defined by Illinois state law, to wit: aggravated criminal sexual abuse in violation of chapter 720, act 5, section 33A—2/I/12—16(a)(2)." Section 12—16(a)(2) of the Criminal Code of 1961 provides that a defendant commits aggravated criminal sexual abuse if he commits criminal sexual abuse and causes bodily harm to the victim. 720 ILCS 5/12—16(a)(2) (West 1996). The circuit court found count VII disproportionate when compared to counts I through IV, which charged defendant with aggravated criminal sexual abuse.

Count VIII states that defendant committed the offense of armed violence in that "he, while armed with a dangerous weapon, to wit: a knife with a blade of at least three inches in length, committed a felony defined by Illinois state law, to wit: aggravated kidnapping in violation of chapter 720, act 5, section 33A—2/I/10—2(a)(4)."

Section 10—2(a)(4) of the Criminal Code defines aggravated kidnapping as the commission of kidnapping while concealing identity. 720 ILCS 5/10—2(a)(4) (West 1996). The circuit court found count VIII disproportionate to counts V and VI, which charged defendant with aggravated kidnapping.

We begin our analysis with the language of the statutes at issue. The armed violence statute provides, in pertinent part:

"§ 33A—1. Definitions.

(a) 'Armed with a dangerous weapon'. A person is considered armed with a dangerous weapon *** when he or she carries on or about his or her person or is otherwise armed with a *** Category II *** weapon.

(b) *** A Category II weapon is any *** knife with a blade of at least 3 inches in length ***." 720 ILCS 5/33A—1 (West 1996).

"§ 33A—2. Armed violence—Elements of the offense. A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." 720 ILCS 5/33A—2 (West 1996).

"§ 33A—3. Sentence.
***

(a—5) Violation of Section 33A—2 with a Category II weapon is a Class X felony for which the defendant shall be sentenced to a minimum term of imprisonment of 10 years." 720 ILCS 5/33A—3 (West 1996).

The unextended sentence for armed violence committed with a category II weapon is a term of 10 to 30 years' imprisonment. 720 ILCS 5/33A—3(a—5) (West 1996); 730 ILCS 5/5—8—1(a)(3) (West 1996).

The aggravated criminal sexual abuse statute provides, in relevant part:

"§ 12—16. Aggravated Criminal Sexual Abuse.

(a) The accused commits aggravated criminal sexual abuse if he or she commits criminal sexual abuse as defined in subsection (a) of Section 12—15 of this Code and any of the following aggravating circumstances existed during the commission of the offense:

(1) the accused displayed, threatened to use or used a dangerous weapon or any object fashioned or utilized in such a manner as to lead the victim under the circumstances reasonably to believe it to be a dangerous weapon; or

(2) the accused caused bodily harm to the victim[.]
* * *

(g) Sentence. Aggravated criminal sexual abuse is a Class 2 felony." 720 ILCS 5/12—16 (West 1996).

The unextended sentencing range for aggravated criminal sexual abuse is three to seven years' imprisonment. 720 ILCS 5/12—16(g) (West 1996); 730 ILCS 5/5—8—1(a)(5) (West 1996).

The aggravated kidnapping statute provides, in part:

"§ 10—2. Aggravated kidnaping. (a) A kidnaper within the definition of paragraph (a) of Section 10—1 is guilty of the offense of aggravated kidnaping when he:
* * *

(4) Wears a hood, robe or mask or conceals his identity, or

(5) Commits the offense of kidnaping while armed with a dangerous weapon, as defined in Section 33A—1 of the 'Criminal Code of 1961'.

(b) Sentence.

(1) Aggravated kidnaping for ransom is a Class X felony.

(2) Aggravated kidnaping other than for ransom is a Class 1 felony." 720 ILCS 5/10—2 (West 1996).

The unextended sentencing range for aggravated kidnapping is 4 to 15 years' imprisonment. 720 ILCS 5/10—2(b) (West 1996); 730 ILCS 5/5—8—1(a)(4) (West 1996).

A. Proportionate Penalties Clause

Article I, section 11, of the Illinois Constitution of 1970, commonly referred to as the proportionate penalties clause, provides, in pertinent part, that "[a]ll penalties shall be determined *** according to the seriousness of the offense ***." Ill. Const. 1970, art. I, § 11. The proportionate penalties clause mandates penalties proportionate to the seriousness of the offense. See *People v. Lewis*, 175 Ill. 2d 412, 419 (1996); *People v. Christy*,

139 Ill. 2d 172, 177 (1990). This court has recognized three ways in which the proportionate penalties clause may be violated. First, there is a violation of the proportionate penalties clause where the punishment for a particular offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community. See *People v. Morris*, 136 Ill. 2d 157, 167 (1990); *People v. Steppan*, 105 Ill. 2d 310, 320 (1985). Second, the proportionate penalties clause is violated where identical offenses result in different sentences. See *Lewis*, 175 Ill. 2d at 418; *Christy*, 139 Ill. 2d at 181. Third, the proportionate penalties clause is violated where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more harshly. See *People v. Davis*, 177 Ill. 2d 495, 503 (1997); *People v. Hickman*, 163 Ill. 2d 250, 259 (1994); *People v. Johns*, 153 Ill. 2d 436, 447 (1992).

Defendant does not contend that the armed violence charges against him carry penalties that are cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community. See *Morris*, 136 Ill. 2d at 167; *Steppan*, 105 Ill. 2d at 320. Defendant does contend that the armed violence charges violated the second test under the proportionate penalties clause. Under that test, the clause is violated where identical offenses carry different penalties. See *Lewis*, 175 Ill. 2d at 418; *Christy*, 139 Ill. 2d at 181.

Such a violation was found to exist by this court in *People v. Christy*, 139 Ill. 2d 172 (1990). In *Christy*, 139 Ill. 2d 172, the defendant was charged and convicted of armed violence predicated on kidnapping while armed with a category I weapon. In comparing that offense to aggravated kidnapping based on the presence of a weapon, this court found that both the armed violence offense and the aggravated kidnapping offense contained

identical elements; namely, kidnapping and a weapon. *Christy*, 139 Ill. 2d at 181. The armed violence offense, however, was punished more severely than the aggravated kidnapping offense. This court determined that the possibility of two different penalties for identical offenses violated the proportionate penalties clause. *Christy*, 139 Ill. 2d at 181. The court therefore held that the penalty for armed violence predicated on kidnapping was unconstitutionally disproportionate to the penalty for aggravated kidnapping. *Christy*, 139 Ill. 2d at 181. For this reason, we affirmed the vacating of the defendant's conviction and sentence for armed violence. *Christy*, 139 Ill. 2d at 181.

Likewise, in *People v. Lewis*, 175 Ill. 2d 412 (1996), we adhered to the reasoning in *Christy* and held that the penalty for armed violence predicated on robbery was unconstitutionally disproportionate when compared with the penalty for armed robbery because the two offenses were substantively identical, but carried disparate penalties. We therefore upheld the circuit court's dismissal of the armed violence charge as violative of the proportionate penalties clause. *Lewis*, 175 Ill. 2d at 418.

In this case, the circuit court utilized the "identical elements" method of review set forth in *Christy* and *Lewis* in dismissing the armed violence charges in counts VII and VIII. The circuit court determined that the elements of the armed violence charge in count VII were identical to the elements of the aggravated criminal sexual abuse charges in counts I through IV. The circuit court also found that the elements of the armed violence charge in count VIII were identical to the elements of the aggravated kidnapping charges in counts V and VI. The armed violence charges, however, carried penalties greater than those for aggravated criminal sexual abuse and aggravated kidnapping. The circuit court therefore dismissed the armed violence charges as violative of the proportionate penalties clause. The State contends that

the circuit court erred in its application of *Christy* and *Lewis* because the armed violence charges are not identical to the aggravated criminal sexual abuse and aggravated kidnapping charges. The State argues that the armed violence charges contain an element not contained in the aggravated criminal sexual abuse and aggravated kidnapping charges. Accordingly, the State argues, the armed violence charges may properly carry a more severe penalty. Defendant responds that the elements of the armed violence counts are identical to the elements of the aggravated criminal sexual abuse counts and the aggravated kidnapping counts, and that the difference between the sentences therefore violates the proportionate penalties clause.

We agree with the State that the armed violence charges in this case are not identical to the aggravated criminal sexual abuse charges and the aggravated kidnapping charges. We address each armed violence count in turn.

Count VII charges defendant with armed violence based on the predicate felony of aggravated criminal sexual abuse. Under that count, the State must prove that defendant, while armed with a dangerous weapon, committed aggravated criminal sexual abuse. 720 ILCS 5/33A—2 (West 1996). Aggravated criminal sexual abuse is committed where the accused commits criminal sexual abuse and one of the aggravating circumstances listed in the statute exists during the commission of the offense. 720 ILCS 5/12—16(a) (West 1996). The charging instrument, here the indictment, determines which aggravating factor is at issue. Count VII cites to section 12—16(a)(2) of the Criminal Code as the aggravating factor on which aggravated criminal sexual abuse is based. Section 12—16(a)(2) refers to the aggravating factor of causing bodily harm to the victim while committing criminal sexual abuse. The elements of the armed violence charge

in count VII are thus defendant's commission of criminal sexual abuse, the presence of a weapon, and bodily harm to the victim.

These elements are not identical to the elements of the charges of aggravated criminal sexual abuse filed against defendant. Defendant was charged with two counts of aggravated criminal sexual abuse based on the displaying of a dangerous weapon. 720 ILCS 5/12—16(a)(1) (West 1996). The elements for this offense are criminal sexual abuse and the display of a weapon. Thus, in order to convict defendant on these charges, the State must prove that defendant committed criminal sexual abuse and displayed a weapon. The State need not prove, under these two counts, that defendant caused bodily harm to the victim. Count VII is therefore not identical to these two counts of aggravated criminal sexual abuse because count VII requires the additional element of bodily harm to the victim. Defendant was also charged with two counts of aggravated criminal sexual abuse based on bodily harm to the victim. 720 ILCS 5/12—16(a)(2) (West 1996). The elements for this offense are criminal sexual abuse and bodily harm to the victim, but not the presence of a weapon. Count VII, however, requires the additional element of the presence of a weapon. Therefore, count VII is not identical to any of the charges of aggravated criminal sexual abuse against defendant.

The same conclusion is evident when count VIII is compared to the aggravated kidnapping counts. Count VIII charges defendant with armed violence based on the predicate felony of aggravated kidnapping. That count cites to section 10—2(a)(4) of the Criminal Code as the predicate felony of aggravated kidnapping. Section 10—2(a)(4) defines aggravated kidnapping as kidnapping committed while the perpetrator conceals his identity. 720 ILCS 5/10—2(a)(4) (West 1996). Consequently, to prove

armed violence under count VIII, the State must prove that defendant, while armed with a dangerous weapon, committed kidnapping while concealing his identity. 720 ILCS 5/33A—2 (West 1996).

These elements are not the same as the elements for the aggravated kidnapping charges against defendant. Defendant was charged with one count of aggravated kidnapping based on the presence of a dangerous weapon. 720 ILCS 5/10—2(a)(5) (West 1996). The elements of this offense are kidnapping and a weapon, but not concealment of identity. Count VIII is therefore not identical to this charge because count VIII requires the additional element of concealment of identity. Defendant was also charged with one count of aggravated kidnapping based on concealment of identity. 720 ILCS 5/10—2(a)(4) (West 1996). The elements of this offense are kidnapping and concealment of identity, but not the presence of a weapon. Count VIII therefore is not identical to this charge because count VIII requires the presence of a weapon. We therefore find that count VIII is not identical to either of the aggravated kidnapping charges against defendant.

In light of the foregoing, this court's decisions in *Christy* and *Lewis* offer no support for defendant's position. Unlike the charges in both of those cases, the armed violence charges against defendant contain an additional element that distinguishes the armed violence counts from the other charged offenses. The armed violence charges are therefore greater offenses, which include the other charged offenses. Accordingly, the other charged offenses are merely lesser included offenses of the armed violence charges set forth in counts VII and VIII, because they require proof of some but not all of the statutory elements in the armed violence charges. See *People v. Jones*, 149 Ill. 2d 288, 293 (1992) (a lesser included offense is one composed of some, but not all, of the ele-

ments of the greater offense, and which does not have any element not included in the greater offense). The armed violence charges in counts VII and VIII may therefore impose more severe penalties than the lesser included offenses. We conclude that the circuit court erred in applying *Christy* and *Lewis* to hold that counts VII and VIII violated the proportionate penalties clause.

Defendant nevertheless contends that counts VII and VIII violate the proportionate penalties clause because the aggravated criminal sexual abuse and aggravated kidnapping statutes provide for the offenses allegedly committed by defendant in this case. Defendant claims that the legislature enacted the aggravated criminal sexual abuse and aggravated kidnapping provisions to penalize those crimes while armed with a weapon. According to defendant, armed violence based on aggravated criminal sexual abuse, as charged in count VII, has the same elements as the offense of aggravated criminal sexual abuse, which has as possible aggravating factors bodily harm and use of a weapon. Defendant also states that the elements of armed violence predicated on aggravated kidnapping, as charged in count VIII, are the same as the offense of aggravated kidnapping, which has as possible aggravating factors concealment of identity and presence of a weapon.

Defendant's argument is flawed, however, because it combines the possible aggravating factors for each offense instead of viewing the different counts against defendant as separate charges. Initially, we note that the language of a statute is the best means to determine legislative intent (see *Hickman*, 163 Ill. 2d at 261), and the language of a statute should be given its plain and ordinary meaning (see *Steppan*, 105 Ill. 2d at 317). The statutory language for aggravated criminal sexual abuse and aggravated kidnapping indicates that the different aggravating factors listed therein are to be utilized to

form the basis of separate offenses, based on different theories of guilt. A particular aggravating factor becomes an element of the offense only once it is charged. This intent by the legislature is evident in its use of the word "or" to separate the aggravating factors in both statutes. Accordingly, aggravated criminal sexual abuse based on the use of a weapon (720 ILCS 5/12—16(a)(1) (West 1996)) is a separate offense from aggravated criminal sexual abuse based on bodily harm (720 ILCS 5/12—16(a)(2) (West 1996)). The same is true for aggravated kidnapping based on concealment of identity (720 ILCS 5/10—2(a)(4) (West 1996)) and aggravated kidnapping based on the presence of a weapon (720 ILCS 5/10—2(a)(5) (West 1996)). In following the statutory language, the State properly charged defendant with separate counts for each aggravating factor. We therefore find that, for purposes of proportionality review, the elements of the armed violence charges in counts VII and VIII should be separately compared with the elements of each of the other charged offenses.

Because the statutes for aggravated criminal sexual abuse and aggravated kidnapping provide aggravating factors which form the basis of separate and distinct offenses, neither statute sets forth an offense where both aggravating factors can be considered together as elements of the offense. The armed violence statute, on the other hand, creates an offense that accounts for and properly penalizes the entirety of defendant's alleged conduct. As noted, the armed violence offense charged in count VII contains three elements: criminal sexual abuse, the presence of a weapon and bodily harm. Consequently, it accounts for both the aggravating factors of a weapon and bodily harm, unlike the statute for aggravated criminal sexual abuse. Likewise, in count VIII, the State alleges that defendant committed kidnapping while simultaneously armed with a knife and concealing his identity.

The aggravated kidnapping statute does not define or penalize an offense where the defendant has committed two aggravating factors at the same time during the commission of the underlying kidnapping. Consequently, there is no offense in the aggravated kidnapping statute which accounts for all of defendant's alleged unlawful conduct. Rather, the armed violence charge in count VIII properly provides for defendant's alleged conduct because it requires three elements: kidnapping, weapon and concealment of identity.

We therefore hold that the armed violence offenses charged in counts VII and VIII do not contain the same elements as the other offenses with which defendant was charged. Consequently, the armed violence charges in this case are not disproportionate under the "identical elements" standard of review.

The third test under the proportionate penalties clause remains to be considered. It provides that the proportionate penalties clause is violated where conduct that creates a less serious threat to the public health and safety is punished more harshly than a similar but more serious offense. See *Davis*, 177 Ill. 2d at 503; *Hickman*, 163 Ill. 2d at 259; *Johns*, 153 Ill. 2d at 447. This court has recognized that, although the proportionate penalties clause places some restraint on legislative power to define offenses and prescribe penalties, the legislature is more aware of the evils confronting our society and therefore is more capable of measuring the seriousness of various offenses. See *People v. Lee*, 167 Ill. 2d 140, 145 (1995); *Steppan*, 105 Ill. 2d at 319. With these principles in mind, we determine that the greater penalty provided for the armed violence offenses charged in counts VII and VIII satisfies this third form of proportionality review.

Armed violence is not a less serious offense than aggravated criminal sexual abuse or aggravated kidnap-

ping. The plain language of the armed violence statute demonstrates that the legislature was targeting the carrying of a weapon in the commission of felonies. The offense of armed violence always involves a weapon, whereas the offenses of aggravated criminal sexual abuse and aggravated kidnapping do not in all circumstances involve a weapon. As explained above, aggravated criminal sexual abuse and aggravated kidnapping have distinct aggravating factors, some of which do not include the presence of a weapon. Given the required presence of a weapon for an armed violence offense, the legislature reasonably could have decided to impose a more stringent penalty because of the high risk of bodily harm associated with the presence of a weapon. We will not disturb the legislature's determination that such conduct is worthy of a greater penalty. Accordingly, the penalty for armed violence is not disproportionate to the seriousness of the offense.

Defendant, however, contends that the armed violence offenses violate the constitutional guarantee of proportionate sentences because they share the same purpose as the other charged offenses. According to defendant, the purpose behind each charged offense was to deter and punish the use of a weapon while committing a felony. Defendant therefore reasons that, because the purposes of the offenses are the same, a more stringent penalty for armed violence is constitutionally disproportionate.

This court has recognized that, where offenses serve a different purpose, each offense can be subject to different penalties. See *Hickman*, 163 Ill. 2d at 260. It has already been determined that the legislature passed the armed violence statute with the purpose of deterring persons from carrying dangerous weapons when they commit a felony. See *People v. Drakeford*, 139 Ill. 2d 206, 216 (1990). The same purpose does not exist for ag-

gravated criminal sexual abuse and aggravated kidnapping, which can arise in situations where a weapon is not involved. Thus, it can be presumed that the legislature considered different factors in enacting the penalty provision for armed violence than for aggravated criminal sexual abuse and aggravated kidnapping. Consequently, defendant's claim fails.

Based on the foregoing, we hold that the application of the armed violence statute in this case, as reflected in counts VII and VIII, does not violate the proportionate penalties provision. Therefore, the circuit court erroneously dismissed counts VII and VIII as violative of the proportionate penalties clause.

As a final matter on this issue, we note that the aforementioned armed violence charges in counts VII and VIII that were dismissed were under indictment number 96—CR—25179. In addition to dismissing those charges, the circuit court also dismissed an armed violence charge in count IV under indictment number 96—CR—19547, which was previously filed by the State. The State has not appealed the circuit court's dismissal order with regard to count IV of indictment number 96—CR—19547. As such, our holding in this case is limited to the two armed violence charges in counts VII and VIII under indictment number 96—CR—25179. Therefore, on remand, the State is precluded from proceeding to trial on the armed violence charge in count IV under indictment number 96—CR—19547.

### B. Double Enhancement

The circuit court also granted defendant's motion to dismiss counts VII and VIII on the ground that they constituted improper double enhancement. The circuit court found that the weapon factor was used to enhance criminal sexual abuse and kidnapping, respectively, to aggravated criminal sexual abuse and aggravated kidnapping, and then a second time to enhance aggravated

criminal sexual abuse and aggravated kidnapping to armed violence. The circuit court therefore determined that the armed violence charges in counts VII and VIII constituted double enhancement. The State contends that the armed violence offenses charged in counts VII and VIII do not constitute double enhancement because they do not utilize any factor twice to enhance the offense to armed violence.

It is well established that double enhancement occurs when a factor previously used to enhance an offense or penalty is again used to subject a defendant to a further enhanced offense or penalty. See *People v. Thomas*, 171 Ill. 2d 207, 223 (1996). Double enhancement is generally improper unless there is a clear legislative intent to the contrary. See *Thomas*, 171 Ill. 2d at 224; *People v. Rissley*, 165 Ill. 2d 364, 390-91 (1995).

The issue in this case is whether the weapon factor was used twice to enhance the offenses to aggravating offenses and then to armed violence. This court has already addressed cases where the weapon factor was used to double enhance an offense. In *People v. Haron*, 85 Ill. 2d 261 (1981), the offense was enhanced from battery to aggravated battery and from aggravated battery to armed violence based on the use of a weapon. This court found such double enhancement to be impermissible because the legislature did not intend that the presence of a weapon serve to enhance an offense and also serve as the basis for a charge of armed violence. *Haron*, 85 Ill. 2d at 278. This court reasoned that the armed violence statute's requirement that there be the commission of a felony while armed with a dangerous weapon contemplates the commission of a predicate offense which is a felony without enhancement by the presence of a weapon. *Haron*, 85 Ill. 2d at 278. The court therefore held that armed violence may not be predicated on aggravated battery by use of a weapon. *Haron*, 85 Ill. 2d at 278.

Similarly, this court in *People v. Del Percio*, 105 Ill. 2d 372, 378 (1985), held that armed violence cannot be predicated on attempted armed robbery. As in *Haron*, improper double enhancement resulted because the presence of a weapon was used to enhance the predicate attempted robbery to attempted armed robbery and also to enhance attempted armed robbery to armed violence. *Del Percio*, 105 Ill. 2d at 378. *Haron* and *Del Percio* therefore stand for the proposition that armed violence cannot be predicated on felonies which themselves include a weapon as a factor because it results in an improper double enhancement.

Applying the above principles to the armed violence charges in counts VII and VIII, we find that double enhancement did not occur in this case. The State did not use a weapon factor or any factor twice to enhance the predicate felonies of criminal sexual abuse or kidnapping to aggravating offenses and then to the instant armed violence charges. Count VII charged armed violence predicated on aggravated criminal sexual abuse, which was based on causing bodily harm to the victim. The predicate felony of aggravated criminal sexual abuse was enhanced from criminal sexual abuse by the aggravating factor of bodily harm. The factor of bodily harm was not used a second time to enhance aggravated criminal sexual abuse to armed violence. Instead, pursuant to the armed violence statute (720 ILCS 5/33A—2 (West 1996)), it was the weapon factor that enhanced aggravated criminal sexual abuse to the armed violence charge in count VII. Consequently, the bodily harm factor was used only once to elevate criminal sexual abuse to aggravated criminal sexual abuse, which in turn was elevated by the weapon factor to armed violence. Therefore, the bodily harm and weapon factors were each utilized only once in count VII.

A similar result occurred in count VIII, which

charged armed violence predicated on aggravated kidnapping, based on concealment of identity. The predicate felony of aggravated kidnapping was enhanced from kidnapping by the aggravating factor of concealment of identity. The concealment of identity was not used a second time to elevate aggravated kidnapping to armed violence. Rather, the weapon factor enhanced aggravated kidnapping to armed violence as charged in count VIII. Consequently, the concealment of identity factor was used to enhance kidnapping to aggravated kidnapping, which was then enhanced by the weapon factor to armed violence. Each aggravating factor, concealment of identity and the weapon, was used only once to establish the armed violence offense in count VIII.

We therefore hold that the trial court erroneously dismissed counts VII and VIII based on double enhancement.

### CONCLUSION

For the reasons stated, we reverse the circuit court's dismissal of counts VII and VIII, reinstate those counts, and remand this cause for further proceedings in the circuit court.

*Reversed and remanded.*