THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL P. CONTORNO, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL P. CONTORNO, Defendant-Appellant.

Second District   Nos. 2—00—0043, 2—00—0351 cons.

Opinion filed May 22, 2001.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Deidre A. Donnellan, of Plainfield, for the People.

JUSTICE GROMETER delivered the opinion of the court:

Defendant, Michael P. Contorno, was convicted of one count of unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 1998)) following a jury trial in the circuit court of Du Page County (No. 99—CF—1250). Subsequently, the State filed a petition to revoke defendant's probation arising from a separate matter based upon this conviction (No. 97—CF—1953). The trial court granted this petition. Defendant now appeals both actions. Regarding his controlled-substance conviction, defendant contends that the trial court did not conduct a proper fitness hearing (see 725 ILCS 5/104—16 (West 1998)) and that several evidentiary errors, discussed in an unpublished portion of this opinion, deprived him of a fair trial. He further asserts that the revocation of his probation cannot stand, as it is based solely upon his controlled-substance conviction. For the following reasons, we reverse and remand.

Prior to defendant's trial for unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 1998)), defense counsel, John Elias, represented to the court that defendant's probation officer believed defendant might not be fit to stand trial. Defense counsel moved for a fitness examination, and the court found that a *bona fide* doubt existed regarding defendant's fitness. The trial court appointed Dr. Syed Ali, a psychiatrist, to conduct an examination of defendant. Dr. Ali prepared a three-page report, which stated defendant could assist in his defense, understood the nature of a trial and the roles of the participants in a trial, could manage his behavior during a trial, and had the capacity to testify relevantly.

At a subsequent hearing, the following colloquy ensued:

"MR. KENT: Good afternoon Judge. Scott Kent on behalf of the People.

I received a report from Mr. Elias from Dr. Ali.

MR. ELIAS: As to the fitness issue, Dr. Ali's report is he finds him fit to stand trial. We would stipulate to the report.

MR. KENT: As would the People, Judge.

THE COURT: All right. We'll show pursuant to stipulation then he finds the defendant fit to stand trial."

There was no further discussion on this issue. The court also entered a written order stating that "pursuant to the People and Defense stipulation to the finding of Dr. Ali, Defendant is fit to stand trial."

•1, ■ Defendant now complains that the trial court merely accepted the stipulation of the parties to the findings of Dr. Ali rather than conducting a meaningful fitness hearing. Normally, a trial court's decision that a defendant is fit to stand trial will not be reversed absent an abuse of discretion. *People v. Newell*, 196 Ill. App. 3d 373, 377 (1990). However, because this issue is one of constitutional dimension, the record must show an affirmative exercise of judicial discretion regarding the determination of fitness. *People v. Baldwin*, 185 Ill. App. 3d 1079, 1088 (1989); *People v. Turner*, 111 Ill. App. 3d 358, 365 (1982); *People v. Greene*, 102 Ill. App. 3d 639, 642 (1981). When a *bona fide* doubt as to a defendant's fitness exists, the trial court has a duty to hold a fitness hearing. *People v. Griffin*, 178 Ill. 2d 65, 79 (1997). Once a *bona fide* doubt has been raised, a court is empowered to conduct its own inquiry into the defendant's fitness. 725 ILCS 5/104—11(c) (West 1998). A trial court's determination of fitness may not be based solely upon a stipulation to the existence of psychiatric conclusions or findings. *People v. Thompson*, 158 Ill. App. 3d 860, 865 (1987); *People v. Lewis*, 103 Ill. 2d 111, 115-16 (1984). However, where the parties stipulate to what an expert would testify, rather than to the expert's conclusion, a trial court may consider this stipulated testimony in exercising its discretion. *Lewis*, 103 Ill. 2d at 116. The ultimate decision as to a defendant's fitness must be made by the trial court, not the experts. *People v. Bilyew*, 73 Ill. 2d 294, 302 (1978). A trial court must analyze and evaluate the basis for an expert's opinion instead of merely relying upon the expert's ultimate opinion. *In re T.D.W.*, 109 Ill. App. 3d 852, 855 (1982).

■ In the present case, the parties stated that they stipulated to Dr. Ali's report. This stipulation is ambiguous in that it is unclear as to whether they were stipulating that Dr. Ali, if called, would testify in conformance with his report or stipulating to the report's ultimate conclusion. The trial court then stated that "pursuant to stipulation then he finds the defendant fit to stand trial." "He" presumably refers to Dr. Ali. Again, this statement is ambiguous. It could be either an acknowledgment that Dr. Ali would testify that defendant was fit or an abdication by the trial court of its role in the fitness hearing in deference to Dr. Ali's opinion. Finally, the trial court's written order states only that, pursuant to the stipulation to the finding of Dr. Ali, defendant is fit. Thus, while this experienced trial judge may have made an independent determination of fitness, from the record before us it appears only that the trial court merely accepted Dr. Ali's conclusion. No indication appears in the record that the court conducted any analysis of the doctor's opinion or exercised its discretion in finding defendant fit. Accordingly, we must conclude that defendant's fitness hearing was deficient. See *Thompson*, 158 Ill. App. 3d at 864-65.

Further, we cannot consider this error harmless. As noted above, fitness to stand trial is an issue of constitutional dimension. *Turner*, 111 Ill. App. 3d at 365. Such an error may be deemed harmless only if, after reviewing the entire record, it is determined that the error was harmless beyond a reasonable doubt. *People v. Arman*, 131 Ill. 2d 115, 127 (1989). In the present case, we are unable to come to such a conclusion. The extent of the evidence available to the trial court during the fitness hearing was one three-page report of an examining psychologist. Defendant points to several reports, included in his presentence investigation, which undermine the report relied on by the trial court. Accordingly, we cannot say that any error related to defendant's fitness hearing was harmless beyond a reasonable doubt.

■ Before leaving the fitness issue, we note that the State argues that defendant has waived it by failing to include it in his posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). While such issues are generally deemed waived, an issue may be reviewed as plain error where it concerns a substantial right. *People v. Basler*, 193 Ill. 2d 545, 549 (2000). The determination of a defendant's fitness to stand trial concerns a substantial right, and plain-error review is appropriate. *People v. Lucas*, 140 Ill. App. 3d 1, 6 (1986).

In light of the foregoing, we reverse the judgment of the circuit court of Du Page County in appeal No. 2—00—0043 and remand the cause for a new fitness hearing and, if appropriate, a new trial. In light of this disposition, the revocation of defendant's probation in appeal No. 2—00—0351 cannot stand. See *People v. Lopez*, 72 Ill. App. 3d 713, 717 (1979). That judgment of the circuit court of Du Page County also must be reversed and the cause remanded.

No. 2—00—0043, Reversed and remanded with directions.
No. 2—00—0351, Reversed and remanded.

McLAREN and RAPP, JJ., concur.