THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TONY D. CLEER, Defendant-Appellant.

Third District    No. 3—01—0163

Opinion filed March 14, 2002.—Rehearing denied April 8, 2002.

LYTTON, P.J., specially concurring.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Danner, State's Attorney, of Lewiston (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Following a bench trial, the defendant, Tony D. Cleer, was found guilty but mentally ill of three counts of aggravated discharge of a firearm (720 ILCS 5/24—1.2 (West 2000)) and unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1 (West 2000)). The trial court sentenced the defendant to concurrent sentences of 20 years in prison for one count of aggravated discharge of a firearm and 5 years for unlawful possession of a weapon. On appeal, the defendant argues that the trial court did not conduct a proper fitness hearing (see 725 ILCS 5/104—16 (West 2000)). We remand for a new fitness hearing and further proceedings consistent with this opinion.

## FACTS

The defendant was charged with three counts of aggravated discharge of a firearm, one count of armed violence (720 ILCS 5/33A—2 (West 2000)) and one count of unlawful possession of a weapon by a felon. Prior to trial, the defendant filed a motion requesting a fitness evaluation and a hearing on the issue of his fitness to stand trial. In the motion, defense counsel averred that the defendant had been receiving psychiatric treatment for a number of years and that he was currently taking medication prescribed by a mental health expert.

Counsel stated that the defendant was not able to effectively communicate and assist in his own defense and that counsel believed there was a *bona fide* doubt as to the defendant's fitness to stand trial. The State did not object to the motion. The trial court allowed the fitness evaluation and appointed psychiatrist Robert Chapman to examine the defendant.

Dr. Chapman examined the defendant on November 17, 2000. A psychological report was filed with the court in which the doctor opined that the defendant was fit. On December 12, 2000, the defendant filed a motion to dismiss alleging a speedy-trial violation. At the hearing on the motion, the State indicated that the issue of the defendant's fitness was still unresolved. Defense counsel noted that Dr. Chapman found the defendant fit. Upon inquiry from the court, counsel conceded that the defendant was fit to stand trial and withdrew the request for a further hearing on the matter. The court concluded that "the movant has withdrawn his motion for a hearing on the issue of fitness. The issue of fitness is resolved in favor of the defendant. He is found fit to stand trial."

At trial, the defendant testified that on May 22, 2000, he had an altercation with his wife. Later that day, he noticed a police officer running from his barn to his house. Defendant went inside his house to an upstairs room and loaded a shotgun and a handgun. He then pointed the handgun out the window and fired one shot through the trees. The defendant testified that at the time of the shooting he was taking psychotropic medications. He was not sure whether he took his medication on the day in question. When he failed to take it, he would "completely flip." Officer Stevenson testified that he was leaning inside his squad car. He heard a gunshot and noticed dust or debris flying over the top of the squad car.

The court acquitted the defendant of armed violence but found him guilty but mentally ill on all other counts. At sentencing, the trial court vacated the judgment of conviction for two counts of aggravated discharge of a firearm. The defendant was sentenced on the remaining count of aggravated discharge of a firearm and unlawful possession of a weapon by a felon.

## ANALYSIS

■ The defendant argues that the trial court erred by failing to conduct a fitness hearing once a *bona fide* doubt as to his fitness existed. The State contends that the defendant waived his claim because he withdrew his request for a fitness hearing and did not raise the issue in a posttrial motion. Although the waiver rule generally applies under such circumstances, we note that it is a rule of

administrative convenience rather than jurisdiction. *People v. Farmer*, 165 Ill. 2d 194, 650 N.E.2d 1006 (1995). Accordingly, "the goals of obtaining a just result and maintaining a sound body of precedent may sometimes override considerations of waiver." *Farmer*, 165 Ill. 2d at 200, 650 N.E.2d at 1009. Here, we are convinced that the defendant's claim involves an issue of sufficient import to warrant overriding the waiver rule. See *People v. Contorno*, 322 Ill. App. 3d 177, 750 N.E.2d 290 (2001).

■ On the merits, the due process clauses of the Illinois and United States Constitutions prohibit the prosecution of a defendant who is unfit for trial. Ill. Const. 1970, art. I, § 2; U.S. Const., amends. VI, XIV. Generally, a trial court's decision that a defendant is fit to stand trial will not be reversed absent an abuse of discretion. *People v. Newell*, 196 Ill. App. 3d 373, 553 N.E.2d 722 (1990). However, the record must show an affirmative exercise of judicial discretion regarding the determination of fitness. *People v. Baldwin*, 185 Ill. App. 3d 1079, 541 N.E.2d 1315 (1989); *People v. Greene*, 102 Ill. App. 3d 639, 430 N.E.2d 219 (1981).

■ Once a *bona fide* doubt as to a defendant's fitness has been raised, the trial court has a duty to hold a fitness hearing. *People v. Griffin*, 178 Ill. 2d 65, 687 N.E.2d 820 (1997); *People v. Haynes*, 174 Ill. 2d 204, 673 N.E.2d 318 (1996). At the hearing, the court may conduct its own inquiry into the defendant's fitness. 725 ILCS 5/104—11(c) (West 1998). Where the parties stipulate to what an expert would testify, the trial court may consider this stipulated testimony in reaching its determination. *People v. Lewis*, 103 Ill. 2d 111, 468 N.E.2d 1222 (1984). However, the defendant's fitness may not be determined solely on the parties' stipulation to the existence of psychiatric conclusions or findings. *People v. Thompson*, 158 Ill. App. 3d 860, 511 N.E.2d 993 (1987). In other words, the ultimate decision as to the defendant's fitness must be made by the trial court, not the experts. *Contorno*, 322 Ill. App. 3d 177, 750 N.E.2d 290.

■ In the instant case, the defense counsel raised the issue of the defendant's fitness to stand trial in a request for a fitness evaluation and hearing. See 725 ILCS 5/104—11(a) (West 2000). Upon accepting the motion and appointing a qualified expert, the trial court implicitly concluded that a *bona fide* doubt as to the defendant's fitness did exist. See 725 ILCS 5/104—11(b),(c) (West 2000). Once a *bona fide* doubt of the defendant's fitness was raised, the trial court was obligated to conduct a fitness hearing. See *Griffin*, 178 Ill. 2d 65, 687 N.E.2d 820; *Haynes*, 174 Ill. 2d 204, 673 N.E.2d 318.

■ At the hearing on the speedy-trial motion, the defendant stated that the court-appointed expert found the defendant fit to stand trial.

The defendant presented no evidence to the contrary and conceded the issue. Without making an independent finding, the trial court permitted the defendant to withdraw his motion for a fitness hearing and found the defendant fit to stand trial. In so doing, the court failed to conduct an independent analysis of the doctor's opinion or exercise its discretion in finding the defendant fit. Accordingly, we must conclude that the defendant's due process rights were violated. See *Griffin*, 178 Ill. 2d 65, 687 N.E.2d 820.

We realize that in this case, the trial court was faced with an unfortunate dilemma. Presented with the defendant's unequivocal motion to withdraw the request for a hearing, the court dismissed the question of fitness without conducting further inquiry. In fact, a dismissal appeared to be the only available resolution. However, in light of the above-cited principles, such a disposition was improper.

We therefore remand the cause for a new fitness hearing and, if necessary, a new trial.

Remanded with directions.

HOMER, J., concurs.

PRESIDING JUSTICE LYTTON, specially concurring:

Although defendant's counsel withdrew his request for *further* hearing on the matter, he never withdrew his motion for hearing. Counsel seemed to be asking the court for a decision on fitness at the hearing on his speedy-trial motion. The trial court then incorrectly found that the defendant had withdrawn his motion and found the defendant fit. Dr. Chapman's report had already been filed with the court. We must presume that the trial court had read the doctor's report. Thus, it appears that the court made its decision on fitness based on the evidence in the record. However, confusion in the record about what was happening at the hearing renders the outcome too vague, considering the due process requirements raised in *People v. Griffin*, 178 Ill. 2d 65, 687 N.E.2d 820 (1997).

Therefore, I agree with the majority that this court retain jurisdiction of the matter while allowing a limited remand for a retrospective fitness hearing.