THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALVIN EARL VERNON, Defendant-Appellant.

Third District   No. 3—02—0560

Opinion filed February 27, 2004.

McDADE, J., dissenting.

Jeremy B. Harris (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Lawrence M. Bauer and Dawn D. Duffy (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

The defendant, Alvin Earl Vernon, was convicted of aggravated criminal sexual assault (720 ILCS 5/12—14(a)(2) (West 2000)) and sentenced to 14 years in prison. On appeal, the defendant asserts that the trial court erred in failing to conduct a fitness hearing when a *bona fide* doubt had been raised as to his competence to stand trial. We affirm.

## FACTS

The defendant was charged with aggravated criminal sexual assault on November 14, 2001. At a pretrial hearing on February 5, 2002, defense counsel informed the court that the defendant had been hospitalized for psychiatric treatment several times during the 1990s. In light of the defendant's history, he felt the defendant's mental fitness "should be explored at this stage rather than have it crop up later perhaps and cause a problem." Counsel requested appointment

of Dr. So Hee Lee to conduct a psychiatric examination of the defendant. The State did not object, and the trial court appointed Dr. Lee. At the next hearing, the defendant requested a continuance, stating that the fitness examination had yet to be conducted and was scheduled for the following Sunday. The trial court continued the case and rescheduled the trial for May 28, 2002.

On May 28, the defendant appeared with counsel and waived his right to a jury trial. The parties did not discuss whether a psychological evaluation had been conducted, and a report was not included in the record on appeal. The cause proceeded to a bench trial. After considering the testimony, the trial court found the defendant guilty of aggravated criminal sexual assault. The defendant's posttrial motion was denied, and the trial court sentenced him to 14 years in prison. At no point in the proceedings did the defendant request a fitness hearing.

## ANALYSIS

On appeal, the defendant contends that the trial court made an implicit finding that a *bona fide* doubt as to his fitness existed when it granted defense counsel's motion to appoint an expert to conduct an examination. He claims that, upon making such a finding, the trial court erred in failing to conduct a fitness hearing. The defendant cites *People v. Cleer*, 328 Ill. App. 3d 428, 766 N.E.2d 311 (2002), in support of his argument.

We note that the defendant did not object to the court's failure to conduct a fitness hearing or raise the issue in his posttrial motion. While such issues are generally deemed waived, an issue may be reviewed as plain error when it concerns a substantial right. *People v. Basler*, 193 Ill. 2d 545, 740 N.E.2d 1 (2000). The determination of a defendant's fitness to stand trial concerns a substantial right. *People v. Contorno*, 322 Ill. App. 3d 177, 750 N.E.2d 290 (2001). Plain error review is therefore appropriate.

Due process bars the prosecution of a defendant who is not fit to stand trial. *People v. Sandham*, 174 Ill. 2d 379, 673 N.E.2d 1032 (1996). A defendant is presumed to be competent. 725 ILCS 5/104—10 (West 2000). However, a defendant is unfit if he is not able to understand the nature and purpose of the proceedings or to assist in his defense. 725 ILCS 5/104—10 (West 2000). An expert may be appointed to examine the defendant to determine if a *bona fide* doubt as to his fitness may be raised. 725 ILCS 5/104—11(b) (West 2000). Once a *bona fide* doubt has been raised with regard to the defendant's fitness, the trial court has a duty to hold a fitness hearing. *People v. Griffin*, 178 Ill. 2d 65, 687 N.E.2d 820 (1997). The question of whether a

*bona fide* doubt exists is generally a matter within the discretion of the trial court. *Sandham*, 174 Ill. 2d 379, 673 N.E.2d 1032.

In *Cleer*, defense counsel filed a motion for a fitness evaluation and a fitness hearing. *Cleer*, 328 Ill. App. 3d 428, 766 N.E.2d 311. The written motion stated that the defendant was not able to communicate with counsel or assist in his defense. Defense counsel also averred that he believed there was a *bona fide* doubt as to the defendant's competence to stand trial. The motion specifically requested a fitness hearing. The trial court granted the motion and appointed an expert. However, the court then failed to conduct a fitness hearing. Under the circumstances of that case, we held that the trial court implicitly found that a *bona fide* doubt existed when it accepted the defendant's motion. *Cleer*, 328 Ill. App. 3d 428, 766 N.E.2d 311. We decline to apply our finding in *Cleer* beyond those facts.

Here, the defendant insists that the trial court made an implicit finding that a *bona fide* doubt existed when it appointed an expert to examine him. This claim is not supported by the record. Unlike counsel in *Cleer*, defense counsel in this case simply made an oral request for the appointment of an expert to conduct a psychiatric examination. He did not request a fitness hearing. Defense counsel informed the court that he was asking for a fitness evaluation because the defendant had a tenuous history of psychiatric treatment and he wished to avoid any problems during the proceedings. There was no allegation that the defendant could not communicate with counsel, understand the nature of the proceedings or assist in his defense. At no time did counsel, formally or informally, raise a *bona fide* doubt as to the defendant's fitness to stand trial.

The defendant argues that by requesting an examination, and nothing more, defense counsel raised a *bona fide* doubt as to the defendant's fitness to stand trial. The defendant's argument, however, misconstrues the plain language of the statute under which the examination was sought. See *People v. Koppa*, 184 Ill. 2d 159, 703 N.E.2d 91 (1998) (best indication of legislative intent is the plain language of the statute).

■ Section 104—11 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/104—11(b) (West 2000)) allows the defendant's fitness to stand trial to be raised by the defense, the State or the trial court at any time during the proceedings. Subsection (a) provides: "When a bona fide doubt of the defendant's fitness is raised, the court shall order a determination of the issue before proceeding further." 725 ILCS 5/104—11(a) (West 2000). Subsection (b) states: "Upon request of the defendant that a qualified expert be appointed to examine him or her to determine prior to trial if a bona fide doubt as

to his or her fitness to stand trial may be raised, the court, in its discretion, may order an appropriate examination." 725 ILCS 5/104—11(b) (West 2000).

■ The plain language of subsection (b) specifically contemplates the appointment of an expert for the purpose of determining whether a *bona fide* doubt of the defendant's fitness will be raised. Appointment under this section clearly cannot be considered a conclusion, implicit or otherwise, concerning a *bona fide* doubt of the defendant's fitness. Indeed, the examination is requested to determine if a *bona fide* doubt "may be raised." Therefore, the trial judge commits no error by not holding a fitness hearing following the mere appointment of an expert because no *bona fide* doubt has been raised.

■ The defendant's position is further eroded by case law. Our supreme court has set forth several factors to consider when determining whether a *bona fide* doubt of the defendant's fitness exists, including the defendant's irrational behavior, the defendant's demeanor at trial, and any prior medical opinions on the defendant's competence. *People v. Easley*, 192 Ill. 2d 307, 736 N.E.2d 975 (2000); *People v. Harris*, 206 Ill. 2d 293, 794 N.E.2d 181 (2002). There are no fixed or immutable signs that invariably indicate the need for further inquiry. *People v. Eddmonds*, 143 Ill. 2d 501, 578 N.E.2d 952 (1991). None of the factors appear in the record of this case. The trial court's decision to allow a psychological evaluation does not indicate the need for a fitness hearing. If that were true, those factors enumerated by the supreme court would be unnecessary and irrelevant.

■ Based on the circumstances of this case, the trial court's decision to appoint a psychiatric expert to examine the defendant did not, by itself, raise a *bona fide* doubt as to the defendant's fitness to stand trial. The court therefore did not abuse its discretion in failing to conduct a fitness hearing.

## CONCLUSION

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER, J., concurs.

JUSTICE McDADE, dissenting:

The majority finds that the trial court did not abuse its discretion in failing to conduct a hearing to determine whether defendant, Alvin Vernon, was fit to stand trial. Implicit in that finding is a determination that Vernon had a fair trial. Because I believe there was an abuse

of the trial court's discretion at an earlier stage in the fitness inquiry, I believe defendant should have a new trial and I respectfully dissent.

The relevant facts gleaned from the record before us show that trial had been set for February 19, 2002, and that at a pretrial hearing on February 5, 2002, defense counsel informed the court that Vernon had been hospitalized several times during the 1990s for psychiatric treatment. Counsel requested the appointment of a psychiatrist to examine the defendant. That same day, the court, without objection from the State, appointed Dr. So Hee Lee to perform the evaluation. A new trial date of April 8, 2002, was set.

A second continuance was requested because, on April 9, the report had still not been submitted. It appears from the record that the trial proceeded on May 28, 2002, without either receipt or evaluation of the psychiatric report.

## ANALYSIS

"When the circuit court in the proper exercise of its discretion orders a psychiatric examination of defendant, it undertakes a concomitant duty to ensure that the resultant report fulfills the [statutory] requirements ***. Otherwise, the purpose of the statute would be defeated and the substance of the examiner's recommendations would not be amenable to independent judicial scrutiny." *People v. Harris*, 113 Ill. App. 3d 663, 669, 447 N.E.2d 941 (1983). How much truer is this if no report is submitted at all?

The statutory requirements which the court has a duty to enforce are set out in section 104—15 (725 ILCS 5/104—15 (West 2002)) and they direct that the report shall be submitted "to the court, the State, and the defense within 30 days of the date of the order." It is further required that "The report shall include: (1) A diagnosis and an explanation as to how it was reached and the facts upon which it is based; (2) A description of the defendant's mental or physical disability, if any; its severity; and an *opinion as to whether and to what extent it impairs* the defendant's ability to understand the nature and purpose of the proceedings against him or to assist in his defense, or both." (Emphasis added.) 725 ILCS 5/104—15 (West 2002).

As can be seen, the issue of defendant's fitness to stand trial, once raised, cannot be allowed to simply languish unresolved. The court must secure the report that it has ordered and evaluate whether it raises a *bona fide* doubt of the defendant's fitness to participate meaningfully in his defense. To require less creates a very real risk that defendant will be deprived of due process.

"Convicting a person who is unfit to stand trial violates due process. [Citations.] It follows, then, that a State must provide

adequate procedures to protect defendant's right not to be tried while unfit." *People v. Guttierez*, 271 Ill. App. 3d 301, 304, 648 N.E.2d 928 (1995), *appeal denied*, 162 Ill. 2d 574, 652 N.E.2d 346 (1995). The State has fulfilled its obligation to provide the procedures, but enactment without enforcement is meaningless. The conviction of a person who is unfit to stand trial violates due process. This violation can occur where there is a *"failure to observe procedures* adequate to protect a defendant's right not to be tried while unfit and it deprives him of his due process right to a fair trial." (Emphasis added.) *People v. Murphy*, 72 Ill. 2d 421, 430, 381 N.E.2d 677 (1978).

For these reasons, I would find that defendant was deprived of a fair trial and I would vacate the conviction and remand for appropriate fitness proceedings and a new trial.