NOTICE

Decision filed 01/30/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240613-U

NO. 5-24-0613

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 22-CF-292 |
| | ) | |
| JOHN D. JENKINS, | ) | Honorable |
| | ) | J. Marc Kelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The case is remanded for a retrospective fitness hearing where the trial court did not state on the record the factual basis for its finding of defendant's fitness.

¶ 2    Defendant appeals the trial court's fitness finding, arguing that the trial court did not independently determine that he was fit to stand trial. For the following reasons, we agree with defendant and remand the case for a retrospective fitness hearing.

¶ 3                                    I. BACKGROUND

¶ 4    On August 30, 2022, defendant was charged, by information, with unlawful possession of methamphetamine, a Class 3 felony pursuant to section 60(a) and (b)(1) of the Methamphetamine Control and Community Protection Act (720 ILCS 646/60(a), (b)(1) (West 2020)). A bill of indictment for the charge was filed on September 21, 2022.

1

¶ 5    On May 22, 2023, the day first set for jury trial, defense counsel raised a *bona fide* doubt as to defendant's fitness to stand trial. Counsel moved the court for a determination of fitness. The motion was granted by Judge Alan Lolie, who was presiding, and the trial was continued. The court noted,

> "[P]rior to me calling Mr. Jenkins case earlier today, he was disruptive and had to be escorted out of the courtroom. So based on his statements today, and what the Court witnessed, I do believe that motion should be granted and I'll enter the order on receipt. That will necessitate the vacating of the jury trial. I'm going to have you speak with a doctor to see where we are and how we need to proceed in your case."

On June 8, 2023, Judge Lolie entered a written order appointing Dr. Jerry Boyd, a psychiatrist, to examine defendant "as to fitness to stand trial or plead and to prepare and present a report of his findings." It further ordered that the report be submitted to the court.

¶ 6    On June 20, 2023, the completed psychological evaluation of fitness to stand trial, dated June 16, 2023, was filed. On July 12, 2023, Judge J. Marc Kelly presided over a status hearing for fitness. Regarding defendant's fitness, the following exchange ensued:

> "MR. SCHMIDT [DEFENSE COUNSEL]: *** I've received Dr. Boyd's report indicating Mr. Jenkins is, in fact, fit to stand trial or plead. We'd stipulate to the contents of that report and offer no other evidence.
>
> *    *    *
>
> THE COURT: *** State stipulating to his finding of fitness?
>
> MR. SCALES [STATE'S ATTORNEY]: We are, Your Honor, and we have no other evidence as well.

THE COURT: The Court finds the defendant fit based on those findings.

The defendant is fit to stand trial. ***"

The parties then proceeded to set a final pretrial hearing for September 14, 2023, and a jury trial for September 25, 2023. After a number of continuances, defendant's jury trial commenced on February 26, 2024, and resulted in a guilty verdict on February 27, 2024. Defense counsel filed a motion for acquittal, or in the alternative, motion for a new trial. On May 2, 2024, the trial court sentenced defendant to 24 months' probation. Following the sentencing hearing, the trial court denied the aforesaid motion. Defendant filed his notice of appeal the same day.

¶ 7                                         II. ANALYSIS

¶ 8      Defendant argues that he was denied due process at his fitness hearing because the trial court accepted a stipulation to the finding of his fitness without conducting an active, independent inquiry. Citing *People v. Sandham*, 174 Ill. 2d 379, 382 (1996), he avers that because a *bona fide* doubt of his fitness to stand trial or plead arose, the trial court had a duty to hold a fitness hearing and form an independent determination of his fitness. Defendant argues that the court "blindly" accepted the conclusions of the psychological examination report. He asserts that the record fails to show that the court exercised its own judgment when determining his fitness.

¶ 9      Defendant acknowledges that his posttrial motion did not raise the fitness issue. However, he asks this court for second-prong plain error review. He requests that this court remand the case for a retrospective fitness hearing that satisfies due process.

¶ 10     The State argues that the trial court did not err when it found defendant fit after a fitness hearing. It avers that the court obtained the fitness evaluation report, accepted the parties' stipulations to the report, and observed defendant in the courtroom. The State asserts that nothing in the record indicates that the court failed to review the fitness evaluation or consider it when it

3

determined defendant's fitness. It opines that it was defendant's burden to affirmatively show that the court did not properly apply the law. The State argues that "the record affirmatively shows the trial court reviewed the report and made its own independent finding."

¶ 11    The State argues in the alternative that if this court finds ambiguity in the trial court's statements at the fitness hearing, it should not order an unnecessary retrospective fitness hearing. It avers that this court instead should "enter a limited remand while retaining appellate jurisdiction for the trial court to verify whether it made the independent finding and file an order within a specified time period reflecting that."

¶ 12    Defendant acknowledges that he did not raise the issue of fitness below. "For an issue to be preserved on appeal, a contemporaneous objection must be made at trial and in a subsequent post-trial motion." *People v. Armstrong*, 183 Ill. 2d 130, 145 (1998). Otherwise, the issue is forfeited. *Id.* However, plain-error review allows this court

> "to consider unpreserved error when (1) a clear or obvious error occurred and the
> evidence is so closely balanced that the error alone threatened to tip the scales of
> justice against the defendant, regardless of the seriousness of the error, or (2) a clear
> or obvious error occurred and that error is so serious that it affected the fairness of
> the defendant's trial and challenged the integrity of the judicial process, regardless
> of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 13    "As a determination of fitness involves a fundamental right, alleged errors concerning fitness may be reviewed under the plain error doctrine." *People v. Johnson*, 2024 IL App (5th) 220608-U, ¶ 16 (citing *People v. Gipson*, 2015 IL App (1st) 122451, ¶¶ 24-28). "Fitness for trial involves a fundamental right," and is thus "reviewable as plain error under the second prong." *People v. Finlaw*, 2023 IL App (4th) 220797, ¶ 47. "The second prong of plain error review is

equivalent to reviewing for structural error, requiring automatic reversal where the error serves to erode the integrity of the judicial process and undermine the fairness of a defendant's trial." *Id.* Under the second prong, "[p]rejudice to the defendant is presumed because of the importance of the right involved ***." *People v. Herron*, 215 Ill. 2d 167, 187 (2005) (citing *People v. Blue*, 189 Ill. 2d 99, 138 (2000)). As previously stated, defendant requested second-prong plain error review. Since the question here concerns defendant's fitness, we will grant his request and review the issue for second-prong plain error.

¶ 14    Generally, "[t]he trial court's ruling on the issue of fitness will be reversed only if it is against the manifest weight of the evidence." *People v. Haynes*, 174 Ill. 2d 204, 226 (1996). "[A] trial court's decision regarding fitness is not a matter of discretion; rather, 'it is a matter of *evidence*.' " (Emphasis in original.) *Johnson*, 2024 IL App (5th) 220608-U, ¶ 20 (quoting *Finlaw*, 2023 IL App (4th) 220797, ¶ 55). "[W]here a trial court merely 'rubber stamp[s]' an expert's conclusion and fails to exercise judicial discretion and judgment, it may reflect an abuse of discretion." *Finlaw*, 2023 IL App (4th) 220797, ¶ 57 (quoting *People v. Gillon*, 2016 IL App (4th) 140801, ¶ 21).

¶ 15    First, we must determine whether error occurred. Due process prohibits the prosecution of a defendant who it not fit to stand trial. *People v. Holt*, 2014 IL 116989, ¶ 51. "A defendant is presumed to be fit" but will be deemed "unfit if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." 725 ILCS 5/104-10 (West 2022). "During a fitness hearing, 'the trial court may consider an expert's stipulated testimony to assess a defendant's fitness but may not rely solely on the parties' stipulation to an expert's *conclusion* that the defendant is fit.' " (Emphasis in original.) *People v. Smith*, 2017 IL App (1st) 143728, ¶ 86 (quoting *People v. Gipson*, 2015 IL App (1st)

5

122451, ¶ 30). "A trial court's determination of fitness may not be based solely upon a stipulation to the existence of psychiatric conclusions or findings." *People v. Contorno*, 322 Ill. App. 3d 177, 179 (2001). "[T]he ultimate decision as to the defendant's fitness must be made by the trial court, not the experts." *People v. Cleer*, 328 Ill. App. 3d 428, 431 (2002). The trial court "should be active, not passive, in making the fitness determination." *People v. Cook*, 2014 IL App (2d) 130545, ¶ 14. It must "make a record reflecting that it did more than merely base its fitness finding on the stipulation to the expert's ultimate conclusion." *Id.* ¶ 20. "The court must state on the record the factual basis for its finding, which must be more than a mere acceptance of a stipulation that the defendant is fit or that an expert found the defendant fit." *Id.*

¶ 16      In the case now before us, the record of the hearing wherein the trial court found defendant fit is very brief. After defense counsel informed the trial court of defendant's stipulation "to the contents of that report," the court asked the State if it was "stipulating to [Dr. Boyd's] finding of fitness." The State answered in the affirmative. Neither defendant nor the State offered a factual basis for their stipulations, such as stipulations to what Dr. Boyd would have testified regarding his fitness finding. Immediately after the State's response, the court stated that it "finds the defendant fit based on those findings. The defendant is fit to stand trial." The court also offered no factual basis for its finding other than its acceptance of the parties' stipulation to defendant's fitness. Therefore, we find that the trial court erred, resulting in a violation of defendant's due process.

¶ 17      Having found that error occurred, now we must determine the appropriate relief. Although the State has asked us to enter a limited remand while retaining appellate jurisdiction, the supreme court has instructed, "[I]t appears that retrospective fitness hearings are now the norm." *People v. Mitchell*, 189 Ill. 2d 312, 339 (2000). Therefore, we find that a retrospective fitness hearing is in

order and remand the cause for the limited purpose of conducting a retrospective fitness hearing. At the retrospective fitness hearing, "If the [trial] court determines that evidence is inconclusive or suggests that the defendant was unfit, defendant is entitled to a new trial." *People v. Gipson*, 2015 IL App (1st) 122451, ¶ 38.

¶ 18                                   III. CONCLUSION

¶ 19    For the foregoing reasons, we vacate the order of the trial court finding defendant fit and remand this case to the trial court to conduct a retrospective fitness hearing.


¶ 20    Order vacated; cause remanded with directions.