No. 3--01--0163
_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2002

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court
OF ILLINOIS, ) of the 9th Judicial Circuit
 ) Fulton County, Illinois
 Plaintiff-Appellee, )
 )
 v. ) No. 00--CF--106
 )
TONY D. CLEER, ) Honorable
 ) William Henderson
 Defendant-Appellant. ) Judge, Presiding
_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:
_________________________________________________________________

 Following a bench trial, the defendant, Tony D. Cleer, was found guilty but mentally ill of
three counts of aggravated discharge of a firearm (720 ILCS 5/24--1.2 (West 2000)) and unlawful
possession of a weapon by a felon (720 ILCS 5/24--1.1 (West 2000)). The trial court sentenced the
defendant to concurrent sentences of 20 years in prison for one count of aggravated discharge of a
firearm and 5 years for unlawful possession of a weapon. On appeal, the defendant argues that the
trial court did not conduct a proper fitness hearing (see 725 ILCS 5/104--16 (West 2000)). We
remand for a new fitness hearing and further proceedings consistent with this opinion.
 FACTS
 The defendant was charged with three counts of aggravated discharge of a firearm, one count of
armed violence (720 ILCS 5/33A--2 (West 2000)) and one count of unlawful possession of a weapon by a
felon. Prior to trial, the defendant filed a motion requesting a fitness evaluation and a hearing
on the issue of his fitness to stand trial. In the motion, defense counsel averred that the
defendant had been receiving psychiatric treatment for a number of years and that he was currently
taking medication prescribed by a mental health expert. Counsel stated that the defendant was not
able to effectively communicate and assist in his own defense, and that counsel believed there was a
bona fide doubt as to the defendant's fitness to stand trial. The State did not object to the
motion. The trial court allowed the fitness evaluation and appointed psychiatrist Robert Chapman to
examine the defendant.
 Dr. Chapman examined the defendant on November 17, 2000. A psychological report was filed
with the court in which the doctor opined that the defendant was fit. On December 12, 2000, the
defendant filed a motion to dismiss alleging a speedy trial violation. At the hearing on the
motion, the State indicated that the issue of the defendant's fitness was still unresolved. Defense
counsel noted that Dr. Chapman found the defendant fit. Upon inquiry from the court, counsel
conceded that the defendant was fit to stand trial and withdrew the request for a further hearing on
the matter. The court concluded that "the movant has withdrawn his motion for a hearing on the
issue of fitness. The issue of fitness is resolved in favor of the defendant. He is found fit to
stand trial."
 At trial, the defendant testified that on May 22, 2000, he had an altercation with his wife.
Later that day, he noticed a police officer running from his barn to his house. Defendant went
inside his house to an upstairs room and loaded a shotgun and a handgun. He then pointed the
handgun out the window and fired one shot through the trees. The defendant testified that at the
time of the shooting he was taking psychotropic medications. He was not sure whether he took his
medication on the day in question. When he failed to take it, he would "completely flip."
Officer Stevenson testified that he was leaning inside his squad car. He heard a gun shot and
noticed dust or debris flying over the top of the squad car.
 The court acquitted the defendant of armed violence but found him guilty but mentally ill on
all other counts. At sentencing, the trial court vacated the judgment of conviction for two counts
of aggravated discharge of a firearm. The defendant was sentenced on the remaining count of
aggravated discharge of a firearm and unlawful possession of a weapon by a felon.
 ANALYSIS
 The defendant argues that the trial court erred by failing to conduct a fitness hearing once a
bona fide doubt as to his fitness existed. The State contends that the defendant waived his claim
because he withdrew his request for a fitness hearing and did not raise the issue in a posttrial
motion. Although the waiver rule generally applied under such circumstances, we note that it is a
rule of administrative convenience rather than jurisdiction. People v. Farmer, 165 Ill. 2d 194, 650
N.E.2d 1006 (1995). Accordingly, "the goals of obtaining a just result and maintaining a sound body
of precedent may sometimes override considerations of waiver." Farmer, 165 Ill. 2d at 200, 650
N.E.2d at 1009. Here, we are convinced that the defendant's claim involves an issue of sufficient
import to warrant overriding the waiver rule. See People v. Contorno, 322 Ill. App. 3d 177, 750
N.E.2d 290 (2001).
 On the merits, the due process clauses of the Illinois and United States Constitutions
prohibit the prosecution of a defendant who is unfit for trial. Ill. Const. 1970, art. I, §2; U.S.
Const., amends. VI, XIV. Generally, a trial court's decision that a defendant is fit to stand trial
will not be reversed absent an abuse of discretion. People v. Newell, 196 Ill. App. 3d 373, 553
N.E.2d 722 (1990). However, the record must show an affirmative exercise of judicial discretion
regarding the determination of fitness. People v. Baldwin, 185 Ill. App. 3d 1079, 541 N.E.2d 1315
(1989); People v. Greene, 102 Ill. App. 3d 639, 430 N.E.2d 219 (1981).
 Once a bona fide doubt as to a defendant's fitness has been raised, the trial court has a duty
to hold a fitness hearing. People v. Griffin, 178 Ill. 2d 65, 687 N.E.2d 820 (1997); People v.
Haynes, 174 Ill. 2d 204, 673 N.E.2d 318 (1996). At the hearing, the court may conduct its own
inquiry into the defendant's fitness. 725 ILCS 5/104--11(c) (West 1998). Where the parties
stipulate to what an expert would testify, the trial court may consider this stipulated testimony in
reaching its determination. People v. Lewis, 103 Ill. 2d 111, 468 N.E.2d 1222 (1984). However, the
defendant's fitness may not be determined solely on the parties' stipulation to the existence of
psychiatric conclusions or findings. People v. Thompson, 158 Ill. App. 3d 860, 511 N.E.2d 993
(1987). In other words, the ultimate decision as to the defendant's fitness must be made by the
trial court, not the experts. Contorno, 322 Ill. App. 3d 177, 750 N.E.2d 290.
 In the instant case, the defense counsel raised the issue of the defendant's fitness to stand
trial in a request for fitness evaluation and hearing. See 725 ILCS 5/104--11(a) (West 2000). Upon
accepting the motion and appointing a qualified expert, the trial court implicitly concluded that a
bona fide doubt as to the defendant's fitness did exist. See 725 ILCS 5/104--11(b),(c) (West 2000).
 Once a bona fide doubt of the defendant's fitness was raised, the trial court was obligated to
conduct a fitness hearing. See Griffin, 178 Ill. 2d 65, 687 N.E.2d 820; Haynes, 174 Ill. 2d 204,
673 N.E.2d 318.
 At the hearing on the speedy trial motion, the defendant stated that the court-appointed
expert found the defendant fit to stand trial. The defendant presented no evidence to the contrary
and conceded the issue. Without making an independent finding, the trial court permitted the
defendant to withdraw his motion for a fitness hearing and found the defendant fit to stand trial.
In so doing, the court failed to conduct an independent analysis of the doctor's opinion or exercise
its discretion in finding the defendant fit. Accordingly, we must conclude that the defendant's due
process rights were violated. See Griffin, 178 Ill. 2d 65, 687 N.E.2d 820.
 We realize that in this case, the trial court was faced with an unfortunate dilemma.
Presented with the defendant's unequivocal motion to withdraw the request for a hearing, the court
dismissed the question of fitness without conducting further inquiry. In fact, a dismissal appeared
to be the only available resolution. However, in light of the above-cited principles, such a
disposition was improper.
 We therefore remand the cause for a new fitness hearing and, if necessary, a new trial.
 Remanded with directions.
 HOMER, J., concurs.
 LYTTON, P.J., specially concurs.

 PRESIDING JUSTICE LYTTON, specially concurring:

 Although defendant's counsel withdrew his request for further hearing on the matter, he never
withdrew his motion for hearing. Counsel seemed to be asking the court for a decision on fitness at
the hearing on his speedy trial motion. The trial court then incorrectly found that the defendant
had withdrawn his motion and found the defendant fit. Dr. Chapman's report had already been filed
with the court. We must presume that the trial court had read the doctor's report. Thus, it
appears that the court made its decision on fitness based on the evidence in the record. However,
confusion in the record about what was happening at the hearing renders the outcome too vague,
considering the due process requirements raised in People v. Griffin, 178 Ill. 2d 65, 687 N.E.2d 820
(1997).
 Therefore, I agree with the majority that this court retain jurisdiction of the matter while
allowing a limited remand for a retrospective fitness hearing.