NOTICE

Decision filed 03/08/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220621-U

NO. 5-22-0621

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Fayette County. |
| | ) | |
| v. | ) | No. 16-CF-233 |
| | ) | |
| THOMAS J. McCALL, | ) | Honorable |
| | ) | Kevin S. Parker, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*: We vacate the trial court's finding of retrospective fitness and remand with directions for failure to fully comply with this court's previous mandate.

¶ 2   The defendant, Thomas J. McCall, appeals his convictions and sentences, in the circuit court of Fayette County, for methamphetamine and cannabis related offenses. In McCall's initial appeal, this court ruled that the trial court erred by not appointing counsel for the fitness proceedings and remanded for the appointment of counsel and a retrospective fitness hearing. *People v. McCall*, 2021 IL App (5th) 170488-U, ¶ 9 (modified upon denial of rehearing, June 18, 2021). Additionally, this court retained jurisdiction over the issue on direct appeal, whether the defendant was deprived of his right to counsel, if the trial court found on remand that the defendant was fit to stand trial in 2017. For the following reasons, we vacate the trial court's finding of fitness

1

entered on September 2, 2022, and remand for the limited purpose of an additional psychological examination and fitness hearing to determine the defendant's retrospective fitness in accordance with our previous mandate.

¶ 3                                I. BACKGROUND

¶ 4     We state only those facts that are necessary for the disposition of this matter. As stated above, this court previously remanded the matter to the trial court for the appointment of counsel and retrospective fitness proceedings. Following remand, on August 27, 2021, the trial court entered an order appointing the defendant counsel. On August 30, 2021, the trial court entered an amended order for a psychiatric evaluation of the defendant to be conducted by Dr. Klug. The order did not specify that the evaluation was to be a retrospective examination of the defendant's fitness to stand trial in 2017. On November 1, 2021, Dr. Klug submitted his psychological report to the court and the parties. In his report, Dr. Klug ultimately concluded, "It is my opinion that Mr. McCall is fit to stand trial at this time." A fitness hearing was held on September 2, 2022, where the trial court found that the defendant is now and was then fit to stand trial.

¶ 5                                II. ANALYSIS

¶ 6     Whether a trial court complied with this court's mandate is a question of law subject to *de novo* review. *Emerald Casino, Inc. v. Illinois Gaming Board*, 366 Ill. App. 3d 113, 118 (2006). This matter was previously remanded for the defendant to be appointed counsel for a retrospective fitness hearing. Although the trial court appointed an attorney for the defendant and held an additional fitness hearing, the trial court did not direct Dr. Klug in its amended order for psychiatric examination filed on August 30, 2021, to conduct a retrospective fitness evaluation, nor did the parties present evidence at the hearing as to the defendant's retrospective fitness prior to trial. The only evidence admitted at the hearing, other than the defendant's own testimony, was Dr. Klug's

2021 psychological examination report which only addressed the defendant's then present-day fitness. It is evident that the 2021 report was an opinion as to the defendant's present-day fitness and not an opinion of retrospective fitness due to Dr. Klug's ultimate determination being that "Mr. McCall is fit to stand trial at this time." "When the issue of fitness involves the defendant's mental condition, the court shall order an examination of the defendant by one or more licensed physicians, clinical psychologists, or psychiatrists chosen by the court." 725 ILCS 5/104-13(a) (West 2020). We find that the trial court failed to fully comply with our previous mandate when the trial court's amended order appointing Dr. Klug to conduct a psychiatric evaluation failed to provide the specific context, being a retrospective fitness examination, under which the defendant should be evaluated. Without any psychological examination or report regarding the sole issue of defendant's retrospective fitness, the trial court is deprived of the opportunity to conduct the required analysis and evaluation of the basis for the expert's opinion. *People v. Bilyew*, 73 Ill. 2d 294, 302 (1978). Thus, it is impossible for the trial court to conduct a meaningful hearing as to the defendant's fitness at the time of trial in 2017.

¶ 7                          III. CONCLUSION

¶ 8     Therefore, we vacate the trial court's finding of fitness and remand this case to the circuit court of Fayette County for the limited purpose of an additional retrospective fitness examination and fitness hearing. We expressly note that if the retrospective fitness hearing in the trial court results in a finding that the defendant was fit for trial, then pursuant to our reasoning in *People v. Moore*, 408 Ill. App. 3d 706, 713 (2011), we retain jurisdiction, pursuant to Illinois Supreme Court Rule 615(b)(2) (eff. Jan. 1, 1967), to consider the merits of the defendant's claim that he was deprived of his right to counsel, which we have declined to consider until the additional retrospective fitness proceedings occur. Also pursuant to *Moore* (see *id.*), we direct the trial court

3

to deliver to the clerk of the Appellate Court a report of its findings and a record of the proceedings on remand.

¶ 9    Fitness finding vacated; cause remanded with directions.