NOTICE

Decision filed 06/25/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230053-U

NO. 5-23-0053

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 20-CF-20 |
| | ) | |
| HOWARD E. DOOLIN, | ) | Honorable |
| | ) | Robert B. Haida, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Vaughan and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We vacate the trial court's fitness order and remand this cause with directions that the trial court conduct a retrospective fitness hearing to determine whether the defendant was fit to stand trial.

¶ 2    Following a jury trial, the defendant, Howard E. Doolin, was convicted of three counts of first degree murder, one count of armed robbery, and two counts of aggravated battery with a firearm. He was sentenced to three consecutive terms of natural life imprisonment for murder, consecutive to 43 years' imprisonment for armed robbery, followed by 3 years of mandatory supervised release. On appeal, the defendant argues that the trial court erred in finding him fit to stand trial based solely on his and defense counsel's stipulations as to his fitness; that he was denied a fair trial where the trial court incorrectly questioned prospective jurors regarding the principles outlined in Illinois Supreme Court Rule 431(b) in a closely balanced case; and that this

1

court should remand for a preliminary *Krankel* hearing where the trial court failed to inquire into his *pro se* posttrial claim that his counsel did nothing to stop the tainting of jury deliberations. The defendant further argues that he received ineffective assistance of counsel where his trial counsel failed to prevent the admission of inadmissible and prejudicial evidence. Because we vacate the trial court's fitness order and remand for a retrospective fitness hearing, we decline to address the defendant's additional claims of error.

¶ 3                                I. Background

¶ 4     We state only those facts that are necessary for the disposition of this matter. During trial preparations, defense counsel raised the issue of the defendant's fitness for trial based upon his review of records from the Social Security Administration which indicated that the defendant had vision impairments as well as mental and psychological disabilities. On May 26, 2022, the circuit court found that defense counsel raised a *bona fide* doubt as to defendant's fitness and entered an order appointing Dr. Daniel J. Cuneo, a clinical psychologist, to evaluate the defendant's fitness to stand trial, and provide a report to all parties.

¶ 5     On August 16, 2022, Dr. Cuneo issued his report. Dr. Cuneo concluded that the defendant suffered from posttraumatic stress disorder, mild neurocognitive disorder due to gunshot wound to the head, mild intellectual disability, and cannabis use disorder in a controlled environment. Dr. Cuneo opined that, despite his impairments and limitations, the defendant was fit to stand trial.

¶ 6     On August 19, 2022, the circuit court addressed the defendant's fitness at a "Fitness Exam Review." At that hearing, the circuit court confirmed that the attorneys and the defendant had reviewed Dr. Cuneo's report and were familiar with his findings. The following colloquy ensued:

> "THE COURT: Okay, Mr. Doolin, with regard to the issue that was previously raised by your attorney regarding your fitness to stand trial, we've received a report from

Dan Cuneo. You've reviewed that with Mr. Peebles [(defense counsel)] or he's indicated to you what his findings were, the doctor's findings?

DEFENDANT: Yes, sir.

THE COURT: You recall meeting with Dan Cuneo?

DEFENDANT: Yes, sir.

THE COURT: The report indicates that he met with you on August 11th, which would be exactly two weeks ago today.

DEFENDANT: We met. I don't remember the exact date, Your Honor, but we most definitely met.

THE COURT: Fair enough. And you're familiar with the opinion that he has rendered based upon his meeting with you and reviewing of all your medical records and other records made available to him.

DEFENDANT: Yes, sir.

THE COURT: Okay. Now, with regard to that, you have a decision to make. I'm assuming that [defense counsel] has discussed this with you. You can agree to accept the findings of Dan Cuneo and then we can proceed to set your case for trial or you can challenge his findings and we can have a, what I guess for lack of a better term would be a preliminary trial merely on the issue of whether you're fit to go to trial on the criminal charges.

I'm trying to explain it as best I can, but you're entitled to have a trial and have a jury decide whether they think that you're fit to go to trial or not on the underlying charges.

([Defense counsel] and Defendant had a discussion off the record.)

THE COURT: So you had some more time to talk with [defense counsel], and if I can explain it better or different to you I'll try to do that. Or do you understand—

DEFENDANT: Yes, sir.

THE COURT:—what your decision is at this time?

DEFENDANT: Yes, sir.

THE COURT: If you agree to Mr.—to Dan Cuneo's findings, then we'll set the case for trial, but you don't have to.

DEFENDANT: Yes, sir.

THE COURT: How do you think you want to proceed?

DEFENDANT: We gonna set it for trial.

THE COURT: So you want to stipulate and agree with Dan Cuneo's findings that you're fit to stand trial?

DEFENDANT: Yes, sir.

THE COURT: Now, [defense counsel] and Ms. Mazzotti [(Assistant State's Attorney)], you reviewed the report. You stipulate that Dan Cuneo is qualified to render the opinions that he's rendered in this matter and in other matters similar to it?

[DEFENSE COUNSEL]: Yes, Your Honor.

[ASSISTANT STATE'S ATTORNEY]: Yes, Your Honor.

THE COURT: And specifically you stipulate to his findings that [the defendant] is fit to stand trial?

[DEFENSE COUNSEL]: Yes, Your Honor.

[ASSISTANT STATE'S ATTORNEY]: Yes, Your Honor.

4

THE COURT: All right. Based upon counsel's stipulation as to Dan Cuneo's qualifications and also to his findings that [the defendant] is fit to stand trial, and also [the defendant's] stipulation that—to the findings of Dan Cuneo, I will find that [the defendant] is fit to stand trial, and we will schedule the matter for a jury trial the week of November 14th, that's a Monday commencing at 8:30 in the morning."

¶ 7　After a jury trial, the defendant was found guilty and sentenced to three consecutive terms of natural life imprisonment for murder, consecutive to 43 years' imprisonment for armed robbery, followed by 3 years mandatory supervised release. The defendant filed a timely appeal.

¶ 8　　　　　　　　　　　　　II. Analysis

¶ 9　Both the United States and Illinois Constitutions bar the prosecution of a defendant who is unfit to stand trial. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2; *People v. Holt*, 2014 IL 116989, ¶ 51. A defendant is presumed to be fit to stand trial, or to plead guilty, and be sentenced. 725 ILCS 5/104-10 (West 2022). A defendant is unfit to stand trial if he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense. *Id.* The issue of the defendant's fitness may be raised at any time by the defense, the State, or the circuit court. *Id.* § 104-11(a). Once a *bona fide* doubt as to the defendant's fitness is raised, the circuit court shall order a determination of the issue before proceeding further. *Id.* Fitness speaks only to a defendant's ability to function within the context of a trial; a defendant may be fit to stand trial or plead guilty even though his mind is otherwise unsound. *People v. Finlaw*, 2023 IL App (4th) 220797, ¶ 50 (citing *People v. Haynes*, 174 Ill. 2d 204, 226 (1996)). Thus, "having a mental illness does not on its own render an individual unfit to stand trial." *Id.*

¶ 10　"The Illinois Supreme Court has stated plainly that '[t]he trial court's ruling on the issue of fitness will be reversed only if it is against the manifest weight of the evidence.' " *Id.* ¶ 53

5

(quoting *Haynes*, 174 Ill. 2d at 226). Generally, a trial court's decision regarding fitness is not a matter of discretion; rather, "it is a matter of *evidence*." (Emphasis in original.) *Id.* ¶ 55. However, "where a trial court merely 'rubber stamp[s]' an expert's conclusion and fails to exercise judicial discretion and judgment, it may reflect an abuse of discretion." *Id.* ¶ 57 (quoting *People v. Gillon*, 2016 IL App (4th) 140801, ¶ 21). Because a defendant's fitness to stand trial is an issue of constitutional dimension, "the record must show an affirmative exercise of judicial discretion regarding the determination of fitness." *People v. Contorno*, 322 Ill. App. 3d 177, 179 (2001). Although a trial court may consider an expert's stipulated testimony to assess a defendant's fitness, it "may not rely solely on the parties' stipulation to an expert's *conclusion* that the defendant is fit." (Emphasis in original.) *People v. Gipson*, 2015 IL App (1st) 122451, ¶ 30. Even where the parties stipulate to what an expert would testify, rather than to the expert's conclusion, the trial court is still required to " 'analyze and evaluate the basis for an expert's opinion instead of merely relying upon the expert's ultimate opinion.' " *People v. Cook*, 2014 IL App (2d) 130545, ¶ 14 (quoting *Contorno*, 322 Ill. App. 3d at 179). It is the duty of the trial court, not the expert, to determine the defendant's fitness. *Id.* In other words, the court must be "active, not passive, in making the fitness determination." *Id.* "[I]t is incumbent upon the court to make a record reflecting that it did more than merely base its fitness finding on the stipulation to the expert's ultimate conclusion." *Id.* ¶ 20.

¶ 11 Here, the record does not reflect that the circuit court analyzed and evaluated the basis for Dr. Cuneo's opinion that the defendant was fit to stand trial; rather, it appears that the circuit court merely relied on Dr. Cuneo's ultimate conclusion. Thus, we find that the circuit court failed to exercise its judicial discretion.

6

¶ 12    Accordingly, we conclude that the appropriate remedy is for this court to vacate the circuit court's fitness order and remand this cause for the limited purpose of conducting a retrospective fitness hearing to determine whether the defendant was fit to stand trial. See, *e.g.*, *People v. Payne*, 2018 IL App (3d) 160105, ¶ 14 (although once disfavored, retrospective fitness hearings now are appropriate if the court believes that defendant's fitness can be fairly and accurately determined on remand). Following the retrospective fitness hearing, if the circuit court concludes that the defendant's fitness at the time of trial can be accurately assessed and confirmed, then pursuant to our reasoning in *People v. Moore*, 408 Ill. App. 3d 706, 713 (2011), we retain jurisdiction, pursuant to Illinois Supreme Court Rule 615(b)(2) (eff. Jan. 1, 1967), to consider the merits of the defendant's additional claims which we have declined to consider until the retrospective fitness proceedings occur. Also pursuant to *Moore* (see *id.*), we direct the trial court to deliver to the clerk of the Appellate Court a report of its findings and a record of the proceedings on remand.

¶ 13    If, on the other hand, the trial court on remand concludes that the evidence regarding the defendant's fitness at the time of trial is inconclusive or suggests that the defendant was not fit at the time of trial, then the defendant is entitled to a new trial. See *Gipson*, 2015 IL App (1st) 122451, ¶ 38.

¶ 14                                    III. Conclusion

¶ 15    For the foregoing reasons, we vacate the trial court's fitness order and remand this cause with directions that the trial court conduct a retrospective fitness hearing to determine whether the defendant was fit to stand trial.


¶ 16    Order vacated; cause remanded with directions.